HOOD, Judge.
Plaintiff executed an oil, gas and mineral lease affecting a 42.5-acre tract of land owned by him in Evangeline Parish. Pursuant to the rights granted by that lease, a well was drilled on the leased premises in search of oil, but it resulted in a dry hole. Plaintiff instituted this suit for damages for loss of crops and injury to his land, which damages he alleges resulted from these drilling operations and the failure of defendants to restore his land to its former condition.
The suit was instituted against four defendants, including R. E. Williams, to whom the lease had been assigned by the original lessee, and Yates Drilling Company, Inc., the drilling contractor. All of the defendants except Yates were nonresidents, and the suit was dismisssed as to them for lack of jurisdiction, leaving Yates as the sole remaining defendant. Judgment on the merits was rendered by the trial court in favor of plaintiff and against Yates for the sum of $2875.00. Yates has-appealed.
The principal question presented is whether Yates, the drilling contractor, is liable to plaintiff for the damages which, he allegedly sustained as a result of the drilling operations or as a result of the failure of the defendants to restore plaintiff’s property to its former condition.
On March 29, 1963, plaintiff leased this, property for oil, gas and mineral purposes to J. Paul Shelton. Shelton assigned the lease to R. E. Williams, and thereafter Williams entered into a contract with Yates, under the terms of which Yates, agreed to drill a well on the leased premises for the lessee. Pursuant to that agreement, Yates set up a rig on the property,, constructed the necessary mud and water-pits, and drilled a well to the depth required by the contract. The drilling operations were completed in due course, but they resulted in a dry hole. The well was-then cemented up, and Yates moved his-derrick, rig and equipment off the leased premises. Yates did not fill in the mud and water pits which it had used in the-drilling operations, and it did not clean up-the area or restore the land to its former condition. The major part of plaintiff’s, claim is for the cost of refilling these pits- and releveling the land.
In setting up the rig and derrick, it was. necessary for Yates to cut or to remove-about ten feet of a drainage levee which was located on the leased premises. Before cutting this levee, Yates discussed the-matter with plaintiff, and plaintiff consented to the cutting of the levee exactly as was done. After the drilling operations had been completed, Yates refilled the gap which had been made in this levee, but when plaintiff attempted to use it later the new fill which Yates had put in gave-way. A portion of plaintiff’s claim is for-the cost of repairing this levee.
*64 Prior to the time Yates moved his equipment in, a hoard roadway was constructed on the leased premises leading from the public road to the location of the well. This roadway was built by a contractor engaged by Williams,'at Williams’ expense, prior to the time Yates began drilling. When Yates moved out, after completing the drilling operations, he did not remove or disturb the board roadway.
Before any drilling operations were commenced, Lewis Yates, President of the defendant drilling company, discussed with plaintiff the various places where the necessary mud and water pits could be located, and plaintiff agreed with Yates as to where they should be constructed. Yates then located the pits at the places agreed upon, one of the mud pits being located in a gully which ran through the property. In order that drainage would not be impeded, Yates dug a ditch or channel around the north side of this pit through which water from the gully could flow. Later, the Police Jury enlarged that ditch and Yates paid the Police Jury for doing so after a demand for that expense had been made on Yates.
The lease, contract between plaintiff and Williams (as assignee of the original lessee) provides that “Lessor reserves all of the rights to claim damages resulting from drilling operations conducted on the land hereinabove described,” and that “the Lessee shall be responsible for all damages * * * caused by Lessee’s operations.”
The drilling contract between Williams and Yates provides, “Contractor agrees to protect, indemnify, and save harmless the owner (Williams) from and against all claims, demands, and causes of action in favor of * * * third parties on account of * * * property damages * * * arising ortt of the work to be performed by Contractor hereunder and resulting from the negligent acts or omissions of Contractor, Contractor’s agents, employees, and subcontractors.” There is no provision in the drilling contract which requires Yates to clean up the leased premises, to fill in the pits, to level the property, or to restore the property to its former condition. The evidence shows that it is the custom in the oil well drilling business that the lessee or operator of the lease (who in this case was Williams), at his own expenses, fills in the mud and water pits, removes the board roadway, cleans up the area and restores the property to its former condition. The cleaning up and restoring of the property to its former condition is not customarily done by the drilling contractor.
Plaintiff contends that he is entitled to recover against Yates in tort, under the provisions of Article 2315 of the Revised Civil Code, primarily on the ground that Yates was negligent in failing to fill up the mud and water pits, in failing to adequately repair the drainage levee which had been cut, and in failing to restore the property to its former condition. He also contends that the construction of the mud pits near the gully caused water to back up and flood some of his lands, that grass did not grow in the immediate area where the well was drilled after the first year, that a fence which had been broken down was not repaired by defendants and had to be fixed by plaintiff, that all of the boards used in constructing the roadway had not been removed and that some wire had been left on the premises.
Alternatively, plaintiff contends that the “save harmless” provision in the drilling contract constitutes a stipulation pour autri in favor of plaintiff, and that such a provision gives plaintiff a cause or right of action against Yates for the damage which plaintiff sustained.
The trial judge reasoned that “plaintiff does have a right of action against Yates since the lease itself provides that any damage caused by the owner of the lease shall be paid to the plaintiff.” Pie concluded that “plaintiff is entitled to recover from Yates since Yates actually caused the damage herein, even though it might have *65 been working for Williams.” He allowed plaintiff $2825.00 as damages for Yates’ failure to refill the pits and restore the property to its former condition, and $50.00 for repairing the cut in the drainage levee.
We cannot agree with the learned trial judge that plaintiff is entitled to recover against Yates under the circumstances presented here. The lease which was executed by plaintiff gave the lessee the right to drill a well on the leased premises. Yates, having entered into a drilling contract with the lessee, had the right to go on plaintiff’s property and to drill a well in search of oil. Yates was not a trespasser, and it. did not commit a tort when it set up its derrick and constructed the mud and water pits. It conducted the drilling operations in accordance with the provisions of the drilling contract, and the evidence fails to show that Yates was negligent in any respect. Under the terms of the drilling contract, Yates was not required to refill the pits, to clean up the property or to restore it to its former condition, and thus Yates had the right to move off the property after the drilling operations had been completed, leaving the pits as they were. There clearly was no negligence on the part of Yates in its failure to fill up the pits.
We find no merit to plaintiff’s argument that the pits constituted a part of the “equipment” used by Yates in drilling the well, which equipment should have been removed from the premises as was the derrick and drilling rig. And we cannot agree with plaintiff in his argument that Yates assumed the obligations of the lessee to restore the property to its former condition because it “accepted the benefits of the contract authorizing it to dig mud holes as well as being paid for the work.”
Yates also had the right to cut a section of the drainage levee in order to set up the derrick. The evidence does not show any negligence on its part either in the cutting or the repair of this levee. Our interpretation of the contract is that the duty of repairing the levee actually rested on Williams, the lessee, rather than on Yates.
No contractual relationship of any kind existed between plaintiff and Yates, so if plaintiff has a right or cause of action against this defendant at all it must be in tort. Since the evidence fails to show any fault or negligence on the part of Yates, we conclude that the defendant is not liable in tort and that the trial judge erred in allowing plaintiff to recover.
We also find no merit to the argument that the “save harmless” provision in the drilling contract constitutes a stipulation pour autri by Yates in favor of plaintiff. That stipulation was in the nature of an agreement of indemnification and, as such, it was distinguishable from a contract of suretyship, defined in LSA-C.C. Art. 3035. It did not create a right of action in favor of plaintiff and against Yates. See Vuljan v. Board of Commissioners of the Port of New Orleans, La.App. 4 Cir., 170 So.2d 910 (writ refused); 42 C.J.S. Indemnity § 29, pp. 610-611.
Even if plaintiff should be permitted to maintain an action against Yates under this “save harmless” provision, it would avail him nothing, because the contract only obligates Yates to hold Williams harmless from claims “resulting from the negligent acts or omissions” of Yates. We have determined that the evidence fails to show any negligence on the part of Yates.
Our conclusion is that plaintiff is not entitled to recover from Yates, but we express no opinion as to the right which he may have to recover from the lessee or operator of the lease or any other party.
For the reasons herein set out, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant, Yates Drilling Company, Inc., and against plaintiff, Melvin Soileau, rejecting *66 plaintiffs demands and dismissing this suit as against this defendant at plaintiff’s costs. The costs of this appeal are assessed to plaintiff-appellee.
Reversed.