IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31334
_____


CHARLES G. ANDERSON; GERALD C.
ANDERSON; CLINTON JACKSON;
TANDY JACKSON, JR.; ARTHUR
BROWN, JR.; AUBREY MATTHEWS,
JR.; W. E. BLACK, also known as
Sonny Black; W. H. FRANKLIN, JR.,

                                        Plaintiffs-Appellants,

                            versus

RED RIVER WATERWAY COMMISSION,

                                        Defendant-Appellee.
_____

Appeal from the United States District Court for the
Western District of Louisiana
_____

November 8, 2000

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

    This case comes before us on appeal from the district court's
grant of summary judgment for defendant Red River Waterway
Commission (the "RRWC").  The plaintiffs' suit stems from a rise
in the water level of the Red River that affected the plaintiffs'
property along the river banks.  Although the plaintiffs originally
sued the RRWC in Louisiana state court, the case was removed to
federal court, remanded, and then removed to federal court again.

The district court held that the plaintiffs failed to establish a genuine material issue of fact for trial in their inverse condemnation claim under the Louisiana constitution and granted summary judgment for the following reasons: the Eleventh Amendment was no bar to federal court jurisdiction, the plaintiffs' claims should not be severed and remanded to the state court and, finally, there was no causation between the plaintiffs' injuries and RRWC's conduct. We affirm the judgment of the district court dismissing the complaint.[1]

I

A

The Flood Control Act of 1968 authorizes and provides funding for the United States Army Corps of Engineers to work with local entities to enhance navigability and alleviate damage caused by flooding. On this authority, the Corps of Engineers erected five locks and dams along the Red River basin. The Louisiana

---

[1]We find the reasoning of the June 6, 2000 unpublished opinion Northwest Louisiana Fish & Game Preserve Commission v. Red River Waterway Commission, No. 99-31325, persuasive in this case. The Northwest Louisiana Fish & Game Preserve Commission filed suit under the same circumstances as the plaintiffs in this case, and the case shared a virtually identical procedural history. This court affirmed summary judgment for the RRWC on the grounds that the RRWC did not have operational control over the project. It also rejected the arguments that a suit in federal court against the RRWC was barred by the Eleventh Amendment and that the case should have been severed and remanded under 28 U.S.C. § 1441(c).

legislature established the RRWC "to establish, operate and maintain the waterway" and to acquire the necessary property rights to complete the task.

In January of 1995, the Corps of Engineers raised the water level of one of the Red River pools to 95 feet, higher than the original project design of 87 feet. Although the RRWC and the Corps of Engineers had acquired most of the relevant property rights prior to this rise in water level, no agreement was ever reached with the class of plaintiffs in this case, all of whom own property along the river near the affected pool.

B

The plaintiffs filed this class action suit in Louisiana state court, alleging that the RRWC failed to provide full and fair compensation to the numerous property owners comprising the class, thereby constituting inverse condemnation under Article I, Section 4 of the 1974 Louisiana state constitution. The RRWC answered, impleaded the United States through the Corps of Engineers, and removed the case to federal court. The district court remanded the case to state court based on a lack of federal subject matter jurisdiction over the original claim. The United States removed the matter back to federal court under 28 U.S.C. § 2679(d), the removal statute for claims against the United States. The plaintiffs then moved to have their claim against the RRWC severed

3

from the RRWC's third-party claim against the United States and again moved to have the case remanded to state court. This motion was denied. The district court also rejected the plaintiffs' assertion that the RRWC's state sovereign immunity under the Eleventh Amendment barred federal jurisdiction.

Following discovery, the district court granted summary judgment for the RRWC. The court found that Louisiana's law of inverse condemnation requires plaintiffs to sue the party that damaged their property. Based on the evidence presented by the parties, the court also found that the Corps of Engineers was solely responsible for the rise in the water level. Because the RRWC was not responsible for the damage to the plaintiffs' land, the court held that it could not be held responsible under Louisiana's inverse condemnation law.

## II

The plaintiffs appeal and challenge (1) the district court's jurisdiction to rule on the claim because of state sovereign immunity under the Eleventh Amendment, (2) the district court's refusal to sever and remand the principal claim to state court under 28 U.S.C. § 1441(c), and (3) the grant of summary judgment.

4

III

A

We review the district court's determination that the suit was not barred by the Eleventh Amendment de novo, as a question of law, like other questions of subject matter jurisdiction. United States v. Texas Tech Univ., 171 F.3d 279, 288 (5th Cir. 1999).

The district court's determination that the Eleventh Amendment does not bar this suit from federal court is correct if we determine that the RRWC is not "an arm of the state" and that it "possesses an identity sufficiently distinct from that of the State of Louisiana to place it beyond that shield." Pendergrass v. Greater New Orleans Expressway Comm'n, 144 F.3d 342, 344 (5th Cir. 1998) (quoting Minton v. St. Bernard Parish Sch. Bd., 803 F.2d 129, 131 (5th Cir. 1986)). Six factors guide our determination as to whether an entity is an arm of the state entitled to Eleventh Amendment immunity. See Clark v. Tarrant County, Texas, 798 F.2d 736, 744-45 (5th Cir. 1986), and Minton, 803 F.2d at 131. The factors are as follows:

> (1) whether the state statutes and case law characterize the agency as an arm of the state;
> (2) the source of funds for the entity;
> (3) the degree of local autonomy the entity enjoys;
> (4) whether the entity is concerned primarily with local, as opposed to statewide, problems;
> (5) whether the entity has authority to sue and be sued in its own name; and
> (6) whether the entity has the right to hold and use property.

Richardson v. Southern Univ., 118 F.3d 450, 452 (5th Cir. 1997). The plaintiffs-appellants fail to address most of these factors in their appellate brief. By contrast, the RRWC points to compelling evidence on each of the six factors.

The plaintiffs-appellants do note that any judgment against the RRWC must be paid from state funds, which relates to the second prong of the test, the source of funds. The RRWC, however, produced evidence that the RRWC has the necessary funding to satisfy the judgment in this case and that it can raise funds directly through its taxing and bonding authority. See La. R.S. 34:2309(9). Thus, on the record before us, it appears undisputed that any judgment against the RRWC would not be paid from state funds appropriated for that purpose.

The RRWC's evidence further establishes that all six factors demonstrate that the RRWC is not an arm of the State of Louisiana. This evidence has not been refuted by the plaintiffs. The district court, therefore, did not err in finding that the Eleventh Amendment does not bar this suit in federal court.

B

Because a trial court has broad discretion to sever and remand cases, we review the district court's refusal to sever and remand for an abuse of discretion. See Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994).

Where a district court has taken removal jurisdiction over cases involving multiple claims, 28 U.S.C. § 1441(c) allows the court to sever and remand separate and independent claims in which state law predominates. Because it found that the third-party complaint was not a "separate and independent claim," the district court refused to sever and remand the plaintiffs' claim against the RRWC.

This court has held that, where the liability of a third-party defendant "is not premised on a separate and independent obligation, but on an allegation that [the third-party defendant's] negligence rather than the [third-party plaintiff's] conduct was the true cause of plaintiff's injuries . . . courts have consistently held that there is no separate and independent claim under § 1441(c)." In re Wilson Indus., 886 F.2d 93, 96 (5th Cir. 1989). Given this authority, and the fact that the plaintiffs fail to show any factual distinction between the primary claim and the third-party claim, the district court correctly concluded that it was without discretion to sever and remand under § 1441(c).

C

We now turn to the district court's determination on the merits. We review a district court's grant of summary judgment de novo. See Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Todd v. AIG Life Ins. Co., 47 F.3d 1448,

7

1451 (5th Cir. 1995).  Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  In making this determination, we must evaluate the facts in the light most favorable to the non-moving party.  See Matsushita, 475 U.S. at 587; Todd, 47 F.3d at 1451.

The Louisiana constitution states "[p]roperty shall not be taken or damaged *by the state or its political subdivisions* except for public purposes and with just compensation paid to the owner or into court for his benefit."  La. Const. Art. I, § 4, cl. 2 (emphasis added). Under the plain text of this provision, only takings effected by the state are barred.  The plaintiffs cite no legal authority holding to the contrary.

The relevant summary judgment proof provided by the parties irrefutably established that the RRWC did not have operational control over the Red River project.  The RRWC submitted federal and state legislative materials that established that its role in the project was limited to the acquisition of property rights. Operational control over the project was exercised solely by the Corps of Engineers.  Affidavit evidence, and the Project Management Plan, fully support the conclusion that only the Corp of Engineers, not the RRWC, made all operational decisions, such as the decision to raise the water level above the original projection.

None of the correspondence between the Corp of Engineers, the Louisiana Department of Wildlife and Fisheries, local landowners and the RRWC established a fact question as to the authority to raise the water level. The two reports submitted by the plaintiffs did not rebut the contention that the Corps of Engineers bore responsibility for deciding to raise the water level.

The plaintiffs' evidence citing to the RRWC's legal authority to manage the waterway and to acquire property, and the RRWC's "acts of assurance" to the United States does not controvert the fact that the RRWC never exercised any authority that it might have had to raise water levels and thereby damage the plaintiffs' property. Furthermore, the Corps of Engineers' potential right to seek indemnification from the RRWC does not confer power upon the plaintiffs to file suit against the RRWC. See <u>Soileau v. Yates Drilling Co.</u>, 183 So. 2d 62, 64-65 (La. App. Ct. 1966) (holding that indemnity clause does not confer cause of action in favor of third parties) and <u>Haeuser v. Bd. of Comm'rs of the Port of New Orleans</u>, 170 So. 2d 728, 729 (La. App. Ct. 1965) ("Plaintiffs have no direct action against Defendant for such recovery, since Defendant, or the State, if liable, is answerable only to the United States in a proper proceeding.").

We repeat, the RRWC's role in the Red River project was limited to the acquisition of property and did not extend to

control of the water level.  Because no evidence was produced to show that the RRWC  caused the damage to the plaintiffs' property, the district court was correct to conclude that the plaintiffs cannot recover against the RRWC under Louisiana's law of inverse condemnation.  We therefore AFFIRM the district court's grant of summary judgment.

IV

For the reasons set forth above, the judgment of the district court is

A F F I R M E D.