808 So.2d 363 (2000)
Edward A. HORRELL, Sr.
v.
Walter J. HORRELL, Sr.
No. 99/CA/1093.
Court of Appeal of Louisiana, First Circuit.
October 6, 2000.
Order Filed July 16, 2001.
On Rehearing August 15, 2001.
Writ Denied December 7, 2001.
*365 Walter J. Horrell, Covington, for Defendant/Appellant, Pro Se.
Raymond P. Ward, New Orleans, Counsel for Plaintiff/Appellee, Edward A. Horrell, Sr.
Before: YELVERTON, THIBODEAUX, SAUNDERS, PETERS and AMY, JJ.[*]
THIBODEAUX, J.
In this appeal, Walter J. Horrell, Sr., the Defendant, (hereinafter "Walter") contends that his siblings, the Plaintiffs, as intestate heirs to their father's succession, lack the legal capacity to assert an action to revoke a donation inter vivos executed *366 by the decedent, Mr. Edward A. Horrell, Sr. (Mr. Horrell). Walter also argues that the trial court erred in granting summary judgment in favor of the Plaintiffs after finding through application of res judicata that the issue of Mr. Horrell's mental capacity to donate had been previously determined and could not be relitigated. Since we sustain Walter's peremptory exception of no right of action, we do not decide whether res judicata precludes a trial on the validity of the donation.

ISSUES
Walter urges us to consider:
(1) whether Mrs. Horrell as surviving spouse, administratrix and/or agent of the deceased has a right of action during the administration of the deceased's succession to challenge a donation inter vivos made by her husband;
(2) whether a deceased's heirs have the procedural capacity to challenge a donation inter vivos made to their sibling during the administration of the succession;
(3) whether a deceased's heirs have a right of action to challenge a donation inter vivos made by the deceased during the administration of his succession.

FACTS
On April 13, 1993, Mr. Horrell made an inter vivos donation of his separate property located in Covington, Louisiana to his son, Walter J. Horrell, Sr. The donation was valid in form, by authentic act and recorded in the conveyance records in St. Tammany Parish. That same day, Mr. Horrell executed a testament which also gave the Covington property to Walter. Walter presented both of these documents to Mr. Horrell, who was eighty-four years old, while Mr. Horrell was hospitalized in Mercy Hospital in New Orleans, Louisiana.
When Mrs. Clare Horrell, Mr. Horrell's wife, and their adult children learned of the donation, they presented Mr. Horrell with a "Revocation of Donation" which he executed on May 21, 1993. That document purported to annul the donation to Walter for "acts of ingratitude, cruel treatment and grievous injury." Mr. Horrell also executed a document granting Mrs. Horrell power of attorney over his affairs.
When Walter learned of the acts of his mother and siblings, he procured Mr. Horrell's signature on a document revoking the power of attorney in favor of Mrs. Horrell and on an incomplete petition to dismiss any suit Mrs. Horrell may file to revoke the donation.
On July 7, 1993, Mrs. Horrell petitioned the district court in St. Tammany Parish to revoke the inter vivos donation of the Covington property. The petition named Mr. Edward Horrell and Mrs. Horrell as his agent as Plaintiffs. Mr. Horrell died on July 9, 1993. On August 26, 1993, Walter filed a peremptory exception of no right of action asserting that Mrs. Horrell could not bring the action for these reasons: (1) Mr. Horrell had revoked the power of attorney; (2) Mr. Horrell's death terminated the mandate as a matter of law; and, (3) Mrs. Horrell had no interest in the Covington property since it was the separate property of her deceased husband.
On August 31, 1993, Mrs. Horrell amended the petition to appear as Administratrix of the Succession of Edward A. Horrell, Sr., asserting that Mr. Horrell had lacked the mental capacity to execute the Act of Donation on April 13, 1993 and that he had executed a revocation of the donation on May 21, 1993. Walter responded by filing exceptions of vagueness *367 and no right of action contending that since Mr. Horrell had died testate and had appointed a testamentary executor who was not Mrs. Horrell, then Mrs. Horrell was not the legitimate succession representative.
Mrs. Horrell responded on April 15, 1997 by petitioning the court to amend her petition to substitute her other children, Gaye Horrell Coffer, Michael Horrell, Edward Horrell, Jr., and Marie LeCour as Plaintiffs (referred to collectively as "Plaintiffs"). These Plaintiffs declared that they were substituted as Plaintiffs in order to "represent and protect their own interests" in the Covington property. Walter then filed a motion entitled "Exceptions" on June 10, 1997. Therein he alleged insufficiency of service of process, vagueness, lack of capacity and "all other declinatory and dilatory exceptions." The trial court denied all of these exceptions on September 26, 1997.
Walter sought to probate the will in the Succession of Horrell in Orleans Parish. Mrs. Horrell and the Plaintiffs petitioned that court to annul the will on the ground that Mr. Horrell had lacked the mental capacity to execute a testament. That suit proceeded simultaneously with the instant suit.
On January 14, 1998, the trial court heard the exceptions of vagueness and no right of action regarding the First Supplemental Petition in which Mrs. Horrell appeared as administratrix of the Succession of Horrell. Without explaining its reasons, the trial court denied the exceptions.
On January 16, 1998, Walter filed a peremptory exception of no cause of action, challenging the Plaintiffs' claim that the donation was made under duress. The Plaintiffs filed a motion to strike the exception which the trial court granted. The trial court then ordered Walter to answer the petition.
Walter filed his answer on February 29, 1998. Immediately thereafter, the Plaintiffs moved for summary judgment based on res judicata. Their argument was that the Fourth Circuit Court of Appeal had found Mr. Horrell lacked the mental capacity to execute a testament on April 13, 1993, and therefore, Mr. Horrell also lacked the capacity to make an inter vivos donation that day.[1] The trial court granted summary judgment.
Walter filed a Motion for New Trial and an exception of no right of action contending that Plaintiffs were the improper party to bring this suit. The trial court denied both the motion for new trial and the exception, declaring the exception to have been untimely.
Walter now petitions this Court to consider whether the trial court erred in denying his exceptions and in granting summary judgment based on res judicata.

LAW AND DISCUSSION

Standard of Review
The peremptory exception of no right of action derives from La.Code Civ.P. art. 927. "The exception of no right of action tests whether the particular plaintiff falls, as a matter of law, within the particular class to which the law grants a remedy for the particular harm alleged." Ridgedell v. Succession of Kuyrkendall, 98-1224, p. 5 (La.App. 1 Cir. 5/19/99); 740 So.2d 173, 177. The exception relates specifically to the person of the plaintiff, questioning *368 whether the plaintiff falls within the class of persons who have the legal interest and legal capacity to bring the cause of action asserted.
A defendant may plead the exception of no right of action in any court prior to the submission of the case for decision if proof of the ground for the exception appears in the record. La.Code Civ.P. arts. 927 and 2163; Mouton v. Dep't of Wildlife and Fisheries for the State of Louisiana, 95-101 (La.App. 1 Cir. 6/23/95); 657 So.2d 622, writs denied, 95-2161 (La.11/17/95); 663 So.2d 710 and 95-2164 (La.11/17/95); 663 So.2d 711. The trial or appellate court may also notice the objection of no right of action on its own motion. La.Code Civ.P. art. 927(B).
Whether a plaintiff has a right of action is a question of law. Since this is an appeal of a summary judgment, we have before us the record from below. We will review the question of law de novo considering the record before us and the substantive law regarding the heirs' right to bring this action. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99); 739 So.2d 748; Ridgedell, 740 So.2d 173. As customary in Louisiana courts, on consideration of an exception of no right of action, the averments of fact in the pleading will be taken as true in the absence of evidence to the contrary. Board of Directors of Louisiana Recovery District v. All Taxpayers, 529 So.2d 384 (La.1988).

Mrs. Horrell's Right of Action
Walter first challenges the trial court's denial of his peremptory exceptions of no right of action challenging Mrs. Horrell's right to bring a revocatory action on behalf of her husband as either his agent or the administratrix of his estate. Although the exceptions were filed in 1993, they were not set for hearing until September 26, 1997. By the time the exceptions were heard, Mrs. Horrell was no longer a party in the suit. Rather than dismissing the exceptions as moot because the challenged party was no longer a plaintiff, the trial court "denied" the exceptions, implying that Mrs. Horrell had a right of action. In an abundance of caution, we will review the trial court's denial of the exceptions.
Mrs. Horrell appeared in this suit in several capacities. In the original petition, she represented herself as Mr. Horrell's agent pursuant to a power of attorney. At the time this suit was filed, a mandate or power of attorney was defined as "an act by which one person gives power to another to transact for him and in his name one or several affairs." La.Civ.Code art. 2985 (West 1993). A power of attorney could be terminated in various manners, including revocation by the principal and death of the principal. La.Civ.Code art. 3027 (West 1993).
Mr. Horrell executed a revocation of the power of attorney shortly before July 5, 1993. This suit was filed on July 7, 1993. Mr. Horrell died on July 9, 1993. Considering the revocation of the contract of mandate and Mr. Horrell's death, the trial court erred in not sustaining Walter's objection of no right of action against Mrs. Horrell in her capacity as agent.
Mrs. Horrell amended her petition to appear as administratrix of the Succession of Horrell, Sr. Walter again asserted that she had no right of action on the ground that Mr. Horrell had died testate and had named an executor in his will. That will, filed for probate in Orleans Parish, named Walter as testamentary executor.
Walter did not file a motion to set the exception for hearing and the trial court did not rule on the exception immediately. *369 On April 15, 1995, Mrs. Horrell amended her petition to substitute her other children as Plaintiffs. A provisional administratrix, Lisa Matthews, was appointed for the succession on July 3, 1997 in Orleans Parish. Accordingly, Walter was no longer "testamentary executor."
Article 685 of the Code of Civil Procedure provides that the succession representative appointed by the court is the proper plaintiff to assert a right of the deceased. Thus, Mrs. Horrell lacked the legal capacity to bring this action as administratrix.
That leaves Mrs. Horrell in her individual capacity as surviving spouse of Mr. Horrell. Following the Fourth Circuit's judgment annulling Mr. Horrell's testament due to his lack of mental capacity, Mr. Horrell's estate must devolve according to the laws of intestacy.[2] The Covington property which was the object of the donation inter vivos was Mr. Horrell's separate property. Mr. Horrell's descendants succeeded to his separate property under the laws of intestacy. La.Civ. Code arts. 880 and 888. Mrs. Horrell, as his surviving spouse, would only have an interest in this property if Mr. Horrell had left neither descendants, nor parents, siblings or descendants from them. La.Civ. Code art. 894.
Therefore, at no time in this action did Mrs. Horrell have the legal capacity to pursue this claim. As a matter of law, the trial court should have sustained the exceptions of no right of action objecting to her capacity to bring this suit.

Heirs' (Plaintiffs') Procedural Capacity
After the Plaintiffs were substituted for Mrs. Horrell, Walter filed a motion entitled "Exceptions" wherein he asserted, among other things, "Lack of Capacity." He argued that the Plaintiffs had not been recognized as heirs or placed in possession of the succession property.
"Lack of Capacity" is not synonymous with no right of action. Lack of procedural capacity is a dilatory exception which tests a party's legal capacity to bring a suit. A natural person who has reached the age of majority has the legal capacity to make juridical acts. La.Civ.Code art. 28. Procedural capacity is presumed unless challenged by the dilatory exception. La.Code Civ.P. art. 855. The Plaintiffs have procedural capacity. The trial court properly denied this exception.

Heirs' (Plaintiffs') Right of Action
We now consider whether the trial court erred in denying Walter's exception of no right of action. This exception was filed after the case was submitted for decision. The trial court denied the exception, ruling that it was untimely.
A peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to the submission of the case for a decision. La.Code Civ.P. art. 928(B). Thus, the trial court properly found that the exception was untimely. However, since a court may notice the objection of no right of action on its own motion, La. Code Civ.P. art. 927(B), the court could have considered the objection. Phillips v. State Through Dep't of Transp. and Dev., 400 So.2d 1091 (La.App. 1 Cir.), writ denied, 401 So.2d 1195 (La.1981).
Walter has again filed the peremptory exception of no right of action with this Court. The Plaintiffs respond that the objection is untimely. We disagree.
As stated above, the exception of no right of action may be filed in either the trial or appellate court before the case is submitted for decision. La.Code Civ.P. *370 arts. 927 and 2163. "Articles of our code of civil procedure are to be construed liberally and with due regard for the fact that forms of procedure implement the substantive law and are not an end in themselves." Louisiana Associated General Contractors, Inc. v. Calcasieu Parish Sch. Bd., 586 So.2d 1354, 1357 (La.1991) (citing La.Code Civ.P. art. 5051). We will consider this exception.
We must decide who is the proper party to assert rights of the succession. Are the heirs, the succession representative, or both the correct party or parties? We first consider the authority of the succession representative.
The Louisiana Code of Civil Procedure explains the authority of the succession representative. "Succession representative" includes an administrator, provisional administrator, and an executor. La.Code.Civ.P. art. 2826(2). "A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law." La.Code.Civ.P. art. 3191. A succession representative may exercise all procedural rights available to a litigant in performing his duties. La. Code.Civ.P. art. 3196. "A succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor." La.Code.Civ.P. art. 3211. "[T]he succession representative has no power to maintain an action to enforce some rights which the Civil Code designates as being purely personal to the heirs, but he can bring other actions designated as personal to the heirs provided the institution of such action is necessary to obtain funds for the payment of debts and charges of the succession." Ralph Slovenko, Comment, Powers of a Succession Representative in Louisiana, 27 Tul.L.Rev. 87, 106 (1952).
Considering his functions, duties and powers, our courts have held that the succession representative "is in truth the majordomo of the estate, having possession of all its property as well as the power and the responsibility to preserve its assets and enforce its claims." Succession of Wallace, 574 So.2d 348, 357 (La.1991). As far back as 1833, the Louisiana Supreme Court has recognized the succession representative as the proper party to bring an action the object of which is to obtain possession of effects making up part of the estate. See Executors of Hart v. Boni, 6 La. 97 (La.1833) (succession executor has a right of action to annul a donation inter vivos). Under these articles and jurisprudence, it is clear that the succession representative is the proper representative of the succession, the person charged with the duty of protecting the property and rights of the estate. Oby Through George v. Champagne, 451 So.2d 674 (La.App. 1 Cir.), writ denied, 457 So.2d 15 (La.1984).
Although the Civil Code espouses the authority of the succession representative, it also grants significant authority to the heirs. Until July 1, 1999, the Civil Code provided that a legal heir acquired a succession (seizin) immediately upon the death of the deceased person. La.Civ. Code art. 940. Seizin occurred by operation of law, without the heir taking any step to be put into possession. La.Civ. Code art. 941. Through seizin, the heir was authorized to institute all actions, even possessory ones, which the deceased had a right to institute and to prosecute those already commenced. La.Civ.Code art. 945. This caused confusion as to whether the rights of the heir paralleled those of the succession representative.
Recognizing the problem, in 1960 the Louisiana Legislature clarified the quandary *371 in the Code of Civil Procedure. Article 685 of the Louisiana Code of Civil Procedure provides:
Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.
The legislature explained that the purpose of the article was to declare the right of the succession administrator alone to institute and prosecute actions belonging to the succession. La.Code Civ.P. art 685 cmt. (b). The comments explain that "there is no reason today why a succession representative alone should not enforce judicially all rights of the deceased, or of his succession" and that the article overrules all cases to the contrary. Id.
It is a long-standing principle in our legal doctrine that the more specific pronouncement of the legislative will overrides more general provisions. See American Bank and Trust Co. in Monroe v. Carson Homes, Inc., 316 So.2d 732 (La. 1975); Brumfield v. Brumfield, 457 So.2d 763 (La.App. 1 Cir.1984). Accordingly, the succession representative is the proper party to assert a right of the succession while the succession is under administration. Louisiana courts have consistently followed this rule. See Baten v. Taylor, 386 So.2d 333 (La.1979); Harris v. Steele, 506 So.2d 542 (La.App. 1 Cir.), writ denied, 511 So.2d 1155 (La.1987); Anderson v. Collins, 26-142 (La.App. 2 Cir. 1/6/95); 648 So.2d 1371, writs denied, 95-629 and 95-783 (La.4/21/95); 653 So.2d 576; Jackson v. Lopez, 524 So.2d 769 (La.App. 3 Cir.1988), writ denied, 525 So.2d 1044 (La. 1988).
Since Lisa Matthews is the provisional administratrix of the Succession of Edward A. Horrell, Sr., she is the only proper plaintiff to assert an action to revoke an inter vivos donation made by the deceased. We, therefore, sustain Walter's exception of no right of action.
Our decision on the exception pretermits our consideration of the applicability of the doctrine of res judicata regarding Mr. Horrell's capacity to execute a donation inter vivos.

CONCLUSION
For the foregoing reasons, the peremptory exception of no right of action is sustained. The trial court's granting of summary judgment in favor of the Plaintiffs is reversed. The case is remanded to allow the Plaintiffs to substitute the proper party. See La.Code Civ.P. art. 934. Plaintiffs have fifteen days from the finality of this judgment to make the proper substitution. All costs of this appeal are assessed to the Plaintiffs.
REVERSED AND REMANDED.
SAUNDERS, J., dissents with written reasons.
AMY, J., concurs.
SAUNDERS, J., dissenting with written reasons.
Although the Code of Civil Procedure in Article 2163 permits an appellate court to consider a peremptory exception brought forth on appeal, it does not mandate such consideration. The decision to consider Walter's exception of no right of action is a discretionary decision on the part of this court.
I feel that we should not exercise our discretion to hear this exception because *372 the determination of whether the heirs have a right of action in this instance will not further justice or judicial economy. This succession has been the subject of litigation for years. A determination that the heirs are not the proper party to bring the suit will result in a remand to the trial court. Since I feel the trial court properly decided the merits of the case during its hearing of this matter, a remand at this time would be inefficient and a waste of the judiciary's resources. An exception of no right of action, filed for the first time in the Court of Appeal, should not be considered by the Court where the Court has determined that no end of justice would be served by such consideration. South Louisiana Contractors, Inc. v. Freeman, 393 So.2d 461, 463 (La.App. 3 Cir.1981).

ON REHEARING
Our original opinion sustained Walter Horrell's (Walter) exception of no right of action and reversed the trial court's annulment of the donation inter vivos. We did not decide if a prior judgment of the Fourth Circuit Court of Appeal in Succession of Horrell, 95-1598, 95-1599 (La.App. 4 Cir. 9/11/96); 680 So.2d 725, writ denied, 96-2841 (1/31/97); 687 So.2d 403 which concluded that the decedent, Edward A. Horrell, Sr. (Mr. Horrell), lacked the testamentary capacity was res judicata in this case. The plaintiffs, heirs of Mr. Horrell, then filed a motion to substitute the succession representative as plaintiff and an application for rehearing on the res judicata issue.
For the following reasons, we grant the motion to substitute Lisa Matthews, the provisional administratrix of Mr. Horrell's succession, as plaintiff, grant the motion for rehearing, vacate our prior opinion sustaining Walter's exception of no right of action, and affirm the trial court's judgment. The trial court judgment granted the heirs' motion for summary judgment and revoked and nullified the Act of Donation executed by Mr. Horrell on April 13, 1993.

ISSUES
We shall consider two issues on rehearing:
1. whether this Court should allow the plaintiffs to cure the grounds for Walter's exception of no right of action by substituting the succession representative as the proper plaintiff; and
2. whether the Louisiana Fourth Circuit Court of Appeal judgment that Mr. Horrell lacked testamentary capacity is res judicata in this suit to nullify a donation inter vivos that was executed immediately before the testament.

LAW AND DISCUSSION

Substitution of Proper Party
The plaintiffs seek to join or substitute Ms. Matthews as plaintiff in this Court, pursuant to Rule 2-9 of the Uniform Rules of Louisiana Courts of Appeal. Rule 2-9 provides that substitution of parties at the appellate level is governed by Articles 801-807 of the Louisiana Code of Civil Procedure. When a party dies during the pendency of an action that is not extinguished by his death, his legal successor may have himself substituted for the deceased party. La.Code Civ.P. art. 801. If the succession is under administration, a court-appointed succession representative is the legal successor. Id. If the succession is not under administration, the decedent's heirs or legatees are the legal successors. Id.
In its original opinion of October 6, 2000, this Court held that the plaintiffs were not the proper party in this action and remanded this case to the trial court to allow substitution of the proper plaintiff, the succession representative. This litigation has gone on for more than seven years. To *373 avoid additional delay, the plaintiffs seek substitution of the proper party in this Court.
Walter argues that when this Court sustained his exception of no right of action, the lawsuit was terminated. A court must allow a party to amend a petition when the grounds for sustaining a peremptory exception are curable. La.Code Civ.P. art. 934. If the grounds for the exception are not curable by amendment or if the plaintiff fails to comply with the court's order to amend, the action shall be dismissed. Id. In this case, the exception of no right of action can be cured by substituting the succession representative, Ms. Matthews, as proper plaintiff. Therefore, the action is not terminated or dismissed.
Walter further argues that Ms. Matthews cannot be substituted for the present plaintiffs because the present plaintiffs are not proper parties and substitution is only available to proper parties. Walter alleges that the succession has been under administration since his confirmation as testamentary executor on July 19, 1993. During the succession proceedings, Walter asserted that, as testamentary executor, he was the succession representative. Meanwhile, Mrs. Horrell was appointed intestate succession representative and substituted herself as plaintiff. Subsequently, the heirs filed a separate action seeking to annul the testament and to remove Walter as executor. The Fourth Circuit annulled the will and removed Walter as executor on September 11, 1996. See Succession of Horrell, 680 So.2d 725. The trial court appointed Hibernia National Bank as administrator, but Hibernia never accepted the appointment. The heirs substituted themselves as plaintiffs on April 15, 1997. The court did not appoint Ms. Matthews as administrator until July 3, 1997. The ongoing dispute between the interested parties has caused confusion as to the status of the succession and the position of succession representative. However, the position of succession representative was vacant at least from September 11, 1996, when Walter was removed as executor, until July 3, 1997, when Ms. Matthews was appointed. Under Article 801, the heirs were the proper plaintiffs when they substituted themselves because there was no succession representative on April 15, 1997. Therefore, Walter's argument must fail. In the interest of judicial efficiency, we grant the plaintiffs' motion to substitute Ms. Matthews as the proper plaintiff pursuant to Uniform Rule 2-9 and La.Code Civ.P. arts. 801-807.

Res Judicata
After sustaining Walter's exception of no right of action in our October 6, 2000 opinion, we found it unnecessary to address the trial court's judgment granting the plaintiffs' motion for summary judgment based on res judicata. Because we have granted plaintiffs' motion to substitute Ms. Matthews as the proper plaintiff, rendering the no right of action exception moot, we will now address the res judicata issue.
Appellate courts review summary judgments de novo under the same criteria that govern a trial court's determination of whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). A motion for summary judgment may be granted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
The plaintiffs argue that their action to revoke the donation inter vivos is barred by issue preclusion. There are three requirements for issue preclusion: (1) a valid and final judgment; (2) identity of the parties; and (3) an issue that has been actually litigated and determined if its determination was essential to the prior judgment. La.R.S. 13:4231(3).

*374 (1) Valid and Final Judgment

In the action to annul Mr. Horrell's testament, the Fourth Circuit held that Mr. Horrell lacked the mental capacity to execute a will. The Fourth Circuit had subject matter jurisdiction over the action to annul the will, and Walter's writ application to the Louisiana Supreme Court was denied. See Succession of Horrell, 96-2841 (La.1/31/97); 687 So.2d 403. Therefore, the Fourth Circuit judgment was valid and final.

(2) Identity of Parties

Walter argues that res judicata does not apply in this case because the parties in this action are not the same parties involved in the Fourth Circuit judgment. Identity of the parties means that the parties or their successors, must appear in the suit in the same quality or capacity, but it does not mean that the parties must be the same physical person. Arthur v. Zapata Haynie Corp., 95-956 (La.App. 3 Cir. 1/22/97); 690 So.2d 86.
In the action to annul the will, the heirs were the plaintiffs. In this case, the heirs were the original plaintiffs, but the succession representative, Ms. Matthews, has been substituted as the proper plaintiff. Walter argues that substituting Ms. Matthews as the plaintiff destroys identity of the parties. The succession representative's duties and actions are for the benefit of the succession and, ultimately, the heirs who take possession after the administration of the succession. La.Code Civ.P. art. 685; Anderson v. Collins, 26,142 (La.App. 2 Cir. 1/6/95); 648 So.2d 1371. Although Ms. Matthews is not the same physical person as the heirs, she is appearing in this suit in the same capacity as the heirsas a plaintiff seeking to annul the donation inter vivos for the benefit of the succession. Consequently, there is identity of the parties in this case.

(3) Issue Actually Litigated and Determined that was Essential to the Prior Judgment

Next, Walter argues that the issue of the validity of the donation inter vivos was never litigated because neither Orleans Parish Civil District Court nor the Fourth Circuit had subject matter jurisdiction to decide an action to revoke a donation inter vivos of immovable property located in St. Tammany Parish. La.Code Civ.P. art. 80(D). Walter's argument confuses claim preclusion and issue preclusion. Claim preclusion requires that a later-asserted claim be one over which the tribunal in the first action would have had subject matter jurisdiction. Gilbert v. Visone, 30,204 (La.App. 2 Cir. 2/25/98); 708 So.2d 496. We agree that neither Orleans Parish Civil District Court nor the Fourth Circuit has jurisdiction to decide a claim to revoke the donation inter vivos. The plaintiffs filed a motion for summary judgment seeking a decision on their claim as to the validity of the donation inter vivos in St. Tammany Parish, a court with subject matter jurisdiction.
The plaintiffs in this action are asserting issue preclusion. The plaintiffs argue that the issue of Mr. Horrell's mental capacity has been determined; they do not argue that their claim as to the validity of the donation inter vivos has been decided.
Walter further argues that the issue of Mr. Horrell's mental capacity at the moment of the donation inter vivos was not actually litigated and determined. To support his argument, Walter relies on Article 1471 of the Louisiana Civil Code, which provides that capacity to donate inter vivos or to donate mortis causa must exist at the time the donor makes the donation. To have capacity to make a donation inter vivos or a donation mortis causa, a person must be able to comprehend generally the *375 nature and consequences of the disposition that he is making. La.Civ.Code art. 1477. Walter asserts that the Fourth Circuit decided that Mr. Horrell lacked capacity at the time he made the donation mortis causa, but the court did not decide if Mr. Horrell lacked capacity at the time he made the donation inter vivos just moments earlier.
The Fourth Circuit considered Mr. Horrell's medical condition several days before and after executing the testament and donation. In deciding that Mr. Horrell lacked testamentary capacity, the Fourth Circuit considered the testimonies of Mr. Horrell's treating physician, Dr. Robert Jeanfreau, and a psychiatrist, Dr. Harvey Rifkin. Dr. Jeanfreau testified that he did not feel that Mr. Horrell was competent and that the confusion exhibited by Mr. Horrell interfered with his ability to fully understand and comprehend the implications of the will and the donation. The Fourth Circuit relied on Dr. Jeanfreau's testimony and recognized that Mr. Horrell's mental capacity at the time he executed the testament was the same moments earlier when he executed the donation. The Fourth Circuit decided that Mr. Horrell lacked the capacity to execute the donation, stating that Mr. Horrell's actions indicated that he "did not understand the nature and consequences of the documents." Succession of Horrell, 95-1598, 95-1599, p. 7 (La.App. 4 Cir. 9/11/96); 680 So.2d 725, 728. (Emphasis supplied). Hence, the issue of Mr. Horrell's mental capacity at the time of the donation inter vivos has been litigated and decided.
Walter next argues that the trial court should have denied the plaintiffs' motion for summary judgment based on res judicata because the plaintiffs failed to submit the entire record in support of their motion. To support his argument, Walter relies on Ebey v. Harvill, 26,373 (La.App. 2 Cir. 12/7/94); 647 So.2d 461, which states that the issue actually litigated shall be determined not solely from the pleadings but also by examining the entire record in the first suit. In spite of his reliance on Ebey, 647 So.2d 461, Walter failed to cite Lamana v. LeBlanc, 526 So.2d 1107 (La. 1988) which was cited in Ebey. Lamana stated that an issue presented in a pleading but eliminated from a judgment cannot support a plea of res judicata. Under those circumstances, an evaluation of the issues actually litigated shall be determined not solely from the pleadings, but by the examination of the entire record of the first suit. Lamana, 526 So.2d 1107.
Ebey and Lamana do not apply to this case. In the first suit, the Fourth Circuit judgment clearly stated that Mr. Horrell lacked the mental capacity to execute the will and the donation, and the Fourth Circuit stated specific facts to support its decision. Therefore, Walter's argument must fail.
Finally, Walter argues that the validity of the donation inter vivos and Mr. Horrell's capacity at the time of the donation inter vivos were not essential to the Fourth Circuit judgment. Under Louisiana law, the issue that has been decided must have been essential to the prior judgment. Walter misapplies the law and argues that an issue yet to be decided must be essential to the prior judgment. The question is whether the Fourth Circuit's decision that Mr. Horrell lacked donative or testamentary capacity was essential to its judgment annulling the will. The Fourth Circuit decided that the will was invalid because Mr. Horrell lacked capacity: "It is clear that Mr. Horrell lacked the requisite understanding of the nature of the testamentary act and its effects. Accordingly, we do not reach the issues of undue influence and fraud." Succession of Horrell, 680 So.2d at 729. The issue of Mr. Horrell's capacity was essential to the Fourth Circuit judgment.

*376 CONCLUSION

For the foregoing reasons, we grant the plaintiffs' motion to substitute the succession representative, Ms. Lisa Matthews, as the proper plaintiff; grant the plaintiffs motion for rehearing; vacate our prior opinion sustaining Walter Horrell's peremptory exception of no right of action; and, affirm the trial court's summary judgment invalidating the donation inter vivos based on res judicata.
All costs are assessed against Defendant/Appellant, Walter Horrell.
AFFIRMED.

ORDER
Considering the motion of plaintiffs-appellees, Gaye H. Coffer, Michael J. Horrell, Edward Horrell, Jr. and Marie Elise LeCour, and of Lisa C. Matthews, provisional administratrix of the Succession of Edward A. Horrell, Sr., and the reasons and authorities cited in the motion;
The court orders that Lisa C. Matthews, in her capacity as provisional administratrix of the Succession of Edward A. Horrell, Sr., be (joined /substituted) as plaintiff-appellee in these proceedings.
/s/ Henry L. Yelverton
Henry L. Yelverton
Judge, Louisiana Court of Appeal
/s/ Ulysses Gene Thibodeaux
Ulysses Gene Thibodeaux
Judge, Louisiana Court of Appeal
/s/ John D. Saunders
John D. Saunders
Judge, Louisiana Court of Appeal
/s/ Jimmie C. Peters
Jimmie C. Peters
Judge, Louisiana Court of Appeal
/s/ Marc T. Amy
Marc T. Amy
Judge, Louisiana Court of Appeal
NOTES
[*] Judges Pro Tempore by special appointment of the Louisiana Supreme Court.
[1] See Succession of Horrell, Sr., 97-2115 (La. App. 4 Cir. 3/25/98); 709 So.2d 1069, writ denied, 98-1023 (La.5/29/98); 720 So.2d 669.
[2] See Succession of Horrell, 709 So.2d 1069.