HIGGINBOTHAM, J.
|3Plaintiff, Teri Ledet, on behalf of her minor child, appeals the judgment of the district court granting intervenor’s, the Louisiana Workers’ Compensation Corporation’s (LWCC), motion to enforce settlement and awarding reimbursement of a portion of the benefits LWCC paid to Ms. Ledet pursuant to a workers’ compensation insurance policy.
FACTS AND PROCEDURAL HISTORY
This case arises from a helicopter crash in a Robinson R44 helicopter owned by Cenac Marine Services, LLC that occurred on January 19, 2012, killing both men aboard, Lanny Ledet and Jason McKean. At the time of the accident, Mr. Ledet was the ranch manager for Golden Ranch Plantation, and his named employer was CTCO Benefits Services, LLC (CTCO), which is a payroll company that provides benefits for several businesses owned by Arlen “Benny” Cenac,[1] Also, at the time of the accident, LWCC had in effect a policy of workers’ compensation insurance in favor of CTCO that provided coverage for several businesses owned by Mr. Cenac. LWCC determined that Mr. Ledet was in the course and scope of his employment at the time of the accident and paid compensation death benefits, medical expenses, and funeral expenses under the policy to Ms. Ledet.
After the January 19 accident flight, Ms. Ledet,[2] as parent and natural tutrix of Blake John Ledet, the minor child of Mr. Ledet, filed a survival and wrongful death action in the 16th Judicial District Court against several defendants including, Ce-nac Marine, Mr. Cenac, and the Succession of Jason McKean. In Ms. Ledet’s action filed in the 16th JDC, LWCC filed a statutory “Petition of Intervention” Lpursuant to La. R.S. 23:1101(B), seeking an action for indemnity, recovery, reimbursement, credit and/or offset against past or future payments out of any judgment or settle *97 ment that may be awarded to Ms. Ledet as a result of the January 19 accident flight.
On March 20, 2014, Ms. Ledet settled her workers’ compensation claim with LWCC and CTCO, which was approved by the Office of Workers’ Compensation. In the agreement, LWCC reserved any and all rights of recovery in Ms. Ledet’s suit in the 16th JDC. Subsequently, Ms. Ledet entered into a settlement agreement with StarNet Insurance Company, who had an aircraft insurance policy in favor of Cenac Marine, Cenac Marine, Arlen B. Cenac, and the Succession of Jason. McKean (collectively referred to as the third parties).
After the settlement agreement, LWCC attempted to seek reimbursement from Ms. Ledet for the workers’ compensation benefits it had paid to her, but was unable to recover any money. Therefore, on September 10, 2014, LWCC filed, by summary proceeding, a motion to enforce settlement seeking reimbursement from Ms. Ledet out of the third party settlement proceeds in satisfaction of its workers’ compensation lien. LWCC sought reimbursement in the amount of $lil,532.18 representing two-thirds of the death benefits LWCC paid to Ms. Ledet.
LWCC’s “Motion to Enforce Settlement” came before the district court on October 31, 2014. After each side argued their respective positions, the district court found in favor of LWCC and signed a judgment on November 21, 2014, granting LWCC’s motion to enforce settlement in the amount of $111,532.18 as reimbursement of the workers’ compensation benefits LWCC had paid to Ms. Ledet. It is from this judgment that Ms. Ledet appeals. Ms. Ledet argues that the district court erred in granting judgment in favor of LWCC because LWCC was seeking subrogation from its own insured, Cenac Marine. However, for the |sfoIlowing reasons, we do not reach the merits of Ms. Ledet’s arguments. Instead, on our own motion we raise and sustain a peremptory exception raising the objection of no right of action.
LAW AND ANALYSIS
The objection of no right of action may be raised by the defendant or noticed by the court on its own motion in either the trial or appellate court. La. Code Civ. P. arts. 927(B) and 2163; Harrell v. Harrell, 99-1093 (La.App. 1st Cir.10/6/00), 808 So.2d 363, 368, writ denied. 2001-2546 (La.12/7/01), 803 So.2d 971. The objection of no right of action tests whether the plaintiff who seeks relief is the person in whose favor the law extends a remedy. Generally, an action can only be brought by a person having a real and actual interest that he asserts. La. Code Civ. P. art. 681. Thus, the question is simply whether the plaintiff has a right to sue the defendant. See Badeaux v. Southwest Computer Bureau, Inc., 2005-0612 (La.3/17/06), 929 So.2d 1211, 1217. Whether a plaintiff has a right of action is a question of law. Harrell, 808 So.2d at 368. Further, on consideration of an exception of no right of action, the averments of fact in the pleadings will be taken as true in the absence of evidence to the contrary. Id.
LWCC filed a “Motion to Enforce Settlement” seeking to enforce the settlement between Ms. Ledet and the third parties. LWCC’s “Motion to Enforce Settlement” is based on its contention that Ms. Ledet, as part of the settlement agreement with the third parties, agreed that she would “take care of all liens.” However, neither LWCC nor CTCO was made a party to the settlement agreement between Ms. Ledet and the third parties. This fact is significant, because Ms. Le-det’s agreement with the third parties to “indemnify and hold [the third parties] *98 harmless from any claim, demand, lien, suit or cause of action arising from the Incident by any and all third parties” does not create a right of action in favor of | f,LWCC to seek enforcement of the settlement agreemént to which it was not a party. See Soileau v. Yates Drilling Co., 183 So.2d 62, 65 (La.App. 3d Cir.1966) (holding that an indemnity clause did not confer right of action in favor of third parties.)
Additionally, while LWCC clearly has a cause of action to seek reimbursement for the workers’ compensation benefits it paid to Ms. Ledet, under the circumstances in this case, the workers’ compensation law does not provide for a right of reimbursement from Ms. Ledet. Initially, LWCC’s intervention in this case was filed pursuant to the workers’ compensation law found in La, ,-R.S. 23:1101(B), which states in pertinent part:
Any person having paid .or having become obligated to pay compensation under the provisions of this Chapter may bring' suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents...
After the intervention was filed by LWCC, Ms. Ledet’s claims against the "third parties, were settled in the “Settlement Agreement and Release.” The record did not include LWCC’s written approval of the settlement agreement.
Once Ms. Ledet settled her claims with the third parties, the rights and obligations of LWCC, along with Ms. Ledet and the third parties, were governed by La. R.S. 23:1102. See City of DeQuincy v. Henry, 2010-0070 (La.3/15/11), 62 So.3d 43, 48.
Louisiana Revised Statute 23:1102 provides in pertinent part:
A. (1) If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall ■ forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
* * *
|7B. If a compromise with such third person is made by the employee or his dependents, the employer or insurer shall be liable to the employee or his dependents for any benefits under this Chapter which are in excess of the full amount paid by such third person, only after the employer or the insurer receives a dollar for dollar credit against the full amount paid in compromise, less attorney fees and costs paid by the employee in. prosecution of the third party claim and only if -written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise.’ ■ Written approval of the compromise must be obtained from the employer if the employer is self-insured, either in whole or in part. If the employee or his dependent fails to notify the employer or insurer, of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses.
$ ⅜ ⅜
C. (1) When a suit has been filed against a third party defendant in which the employer or his insurer .has intervened, if the third party defendant or his insurer fails to ob *99 tain' written approval of the compromise from the employer or his insurer at the time of or prior to such compromise and the employee fails to pay to the employer or his insurer the total amount of compensation benefits and medical benefits out of the funds received as a result of the compromise, the third, party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits and medical benefits previously paid to or on behalf of the employee to the extent said amounts have , not been previously paid to the employer or his insurer by the employee pursuant to the provisions of Subsection B of this Section.
(2) Nothing herein shall be interpreted to affect the rights of the employer or his insurer to otherwise seek reimbursement for past or' future compensation benefits and medical benefits against a third party defendant or his insurer without regard to the actions of the employee on whose behalf said compensation and medical benefits were paid.
(Emphasis added.)
| ¡¿Pursuant to Subsection 23:1102(B), if the workers’ compensation insurer and the employer did not approve, the third-party settlement, the employee forfeits the right to all future workers’ compensation benefits. The employee is then obligated to repay prior benefits only if he wants to restore his right to future benefits. See La. R.S. 23:1102(B). However, the statute does not grant the insurer a right of reimbursement against the employee or his dependent for benefits previously received. See Beslin v. Anadarko Petroleum Corp., 2015-291 (La.App. 3rd Cir.10/7/15), 175 So.3d 1134, 1140.
' Instead, as, in this case, when the employer or insurer intervened in the third party demand, as LWCC did, and the third parties or their insurers failed to obtain written approval of the compromise— which a review of the record reveals that the third parties did not obtain approval— the statute preserves the insurer’s reimbursement claim against the third parties, stating , “the third party defendant or his insurer shall be required to reimburse the employer or his insurer.” (Emphasis add.ed.) See La. R.S. 23:1102(C)(1)-(2); La. R.S. 23:1103(A)(2); Bennett v. Trinity Universal Ins. Co., 2005-1957 (La.App. 1st Cir.9/15/06), 943 So.2d 1104, 1110; Grimmer v. Beaud, 537 So.2d 299, 301-302 (La.App. 1st Cir.1988), writ denied, 538 So.2d 613 (La.1989). Thus, while there is a statutorily provided right of reimbursement from the third partiés, LWCC has no statutory right, as the employer’s insurer, to seek reimbursement from Ms. Ledet, as the representative of the employee’s dependent.
CONCLUSION
For the foregoing reasons, we find that LWCC has no right of action against' Ms. Ledet to enforce the settlement entered into by Ms. Ledet and the third parties, nor does the workers’ compensation statute provide LWCC a right to seek reimbursement from Ms. Ledet for the workers’ compensation benefits LWCC|npaid to her. Because we have determined that LWCC does not have a right of action against Ms. Ledet in this case, we sustain the peremptory exception raising the objection of no right of action, properly noticed on our own motion, vacate the judgment of the trial court, and dismiss LWCC’s “Motion to Enforce Settlement” against Ms. Ledet. All costs of this proceeding are assessed to LWCC.
*100 JUDGMENT VACATED; NO RIGHT OP ACTION EXCEPTION SUSTAINED.

. Mr. Cenac is the principal of Cenac Marine and Golden Ranch Plantation.

. Ms. Ledet and Mr. Ledet were divorced at the time of the January 19 accident flight.