STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-253

EDWIN K. HUNTER, APC, ET AL.

VERSUS

THOMAS GLYNN BLAZIER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-5962
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Phyllis M. Keaty, Judges.

REVERSED.

Kenneth Michael Wright, LLC
Kenneth Michael Wright
203 West Clarence Street
Lake Charles, LA 70601
(337) 439-6930
COUNSEL FOR DEFENDANT-APPELLEE:
    Thomas Glynn Blazier

**Michael Reese Davis**
**Tim P. Hartdegen**
**Hymel Davis & Petersen, L.L.C.**
**10602 Coursey Blvd.**
**Baton Rouge, LA 70816**
**(225) 298-8118**
**COUNSEL FOR INTERVENOR-APPELLANT:**
    **Elaine T. Marshall**

**PICKETT, Judge.**

Intervenor, seeking to recover client files from attorney formerly employed by the law firm that she had retained to represent her individually and as testamentary executrix, appeals the trial court's grant of the attorney's exception of no right of action. For the following reasons, we reverse.

**FACTS**

Thomas Glynn Blazier was fired in March 2010 as an associate with the law firm Hunter & Blazier APC. Thereafter, the law firm was renamed Edwin K. Hunter (A Professional Corporation). In November 2010, the corporation, Edwin K. Hunter, and Edwin Ford Hunter (collectively "the Firm") filed suit against Mr. Blazier seeking, among other things, damages suffered by the Firm as a result of alleged misrepresentations made by Mr. Blazier during his practice with the Firm.

During the course of the litigation, the Firm became aware that Mr. Blazier had retained in his possession documents, or copies thereof, including client files, records, and electronic communications (collectively "documents") relating to the Firm, its business, and some of its clients to whom he had provided legal services and advice during his employment with the Firm. Elaine T. Marshall, one of the Firm's clients, learned of Mr. Blazier's retention of client documents. On August 12, 2013, Mrs. Marshall intervened, individually and as executrix of the Estate of E. Pierce Marshall, in the Firm's suit against Mr. Blazier, seeking to have Mr. Blazier "turn over" all documents or copies of such documents of which she or the Estate is the rightful owner. Mr. Blazier opposed the intervention, arguing that it did not meet the criteria of La.Code Civ.P. art. 1091. After a hearing, the trial court granted the intervention.

On June 6, 2014, Mr. Blazier filed an exception of no right of action in which he asserted that there was never an attorney-client relationship between him and Mrs. Marshall and that Mrs. Marshall had no right to the relief sought on behalf of the Estate in the intervention because she had not complied with the requirements of La.Code Civ.P. arts. 3402 and 3403.[1] The trial court denied the exception but ordered Mrs. Marshall to file the documents required by La.Code Civ.P. arts. 3402 and 3403 within fifteen days. Shortly after the hearing, Mrs. Marshall filed a Petition for Appointment of Independent Executor and Letters Testamentary in a separate suit. Thereafter, Mrs. Marshall joined with the Hunter Firm in filing a motion for partial summary judgment to recover documents belonging to her and the Estate from Mr. Blazier. The trial court granted the partial motion for summary judgment, and Mr. Blazier appealed that judgment. *See Edwin K. Hunter, APLC v. Blazier*, 16-252 (La.App. 3 Cir. _/_/_) (unpublished opinion), where this panel affirmed the trial court's grant of partial summary judgment, ordering Mr. Blazier to return all documents, records, and files of the Firm, Mrs. Marshall, and the Estate or copies thereof that he possessed and prohibiting him from retaining a copy of any of those documents.

On June 2, 2015, Mr. Blazier filed another exception of no right of action in which he again asserted that Mrs. Marshall never had an attorney-client relationship with him, had not complied with the requirements of La.Code Civ.P. arts. 3402 and 3403, and had not complied with the trial court's order that, in her capacity as executor of the Estate of E. Pierce Marshall, she file ancillary documents establishing her right to seek the relief sought in the intervention on behalf of the Estate. Mrs. Marshall attached to her opposition of Mr. Blazier's

---

[1] These articles require a succession representative appointed by another state to qualify in this state before appearing in court on behalf of the succession.

exception a copy of the order appointing her "independent executor of the Estate of E. Pierce Marshall" and acknowledging that she "is fully qualified, authorized[,] and empowered to collect all property of said deceased, and to perform all other lawful acts as executor aforesaid."

The trial court granted the exception of no right of action as to Mrs. Marshall individually and as the executor of the Estate and dismissed her intervention. Mrs. Marshall filed a motion for new trial, which the trial court denied. She then filed this appeal.

## ASSIGNMENTS OF ERROR

Mrs. Marshall assigns two errors with the trial court's judgment:

1. The district court erred by granting Blazier's exception of no right of action.

2. The district court abused its discretion by denying Mrs. Marshall's Motion for New Trial.

## DISCUSSION

An exception of no right of action is raised through a peremptory exception pursuant to La.Code Civ.P. art. 927. The exception serves to determine "whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Reese v. State Dep't of Pub. Safety & Corr.*, 03-1615, pp. 2-3 (La. 2/20/04), 866 So.2d 244, 246. This determination is a question of law. *Horrell v. Horrell*, 99-1093 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, *writ denied*, 01-2546 (La. 12/7/01), 803 So.2d 971. Accordingly, we review exceptions of no right of action de novo. *Id.*

The supreme court has directed that when reviewing a trial court's ruling on an exception of no right of action, an appellate court "should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of

3

persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, p. 7 (La. 10/25/11), 79 So.3d 246, 256.

Under these guidelines, we must determine whether Mrs. Marshall and/or the Estate has a legal interest in recovering documents that Mr. Blazier took with him when he left the Firm. The trial court determined that neither Mrs. Marshall nor the Estate had a legal interest in recovering documents or records from Mr. Blazier. The trial court explained in written reasons:

> In written reasons dated June 8, 2015[,] on the matter of the return of file materials by Blazier to the firm, the Court noted that Blazier was always an employee of the firm and that the file materials in question should be returned to the firm. This was based on the acknowledgment by the parties that Blazier was not retained specifically by Elaine Marshall or the Estate, but that these clients always relied on the firm for representation.
>
> . . . .
>
> The Exception of No Right of Action filed by the Defendant correctly notes that the action for the file materials belongs to the firm, as this Court also noted in its June 8, 2015 ruling. The firm is actively pursuing the file materials both in this case and in Division G. As a result, the movers have no right to pursue the materials separate and apart from the firm.

The issue before us is whether Mrs. Marshall and the Estate have a legal interest in recovering documents in Mr. Blazier's possession and a corresponding right to bring suit to recover those documents. The trial court determined that only the Firm had the right to recover the documents and that neither Mrs. Marshall nor the Estate had that right "separate and apart" from the Firm.

4

Rule 1.16(d) of the Louisiana Rules of Professional Conduct provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. Upon written request by the client, the lawyer shall promptly release to the client or the client's new lawyer the entire file relating to the matter. The lawyer may retain a copy of the file but shall not condition release over issues relating to the expense of copying the file or for any other reason. The responsibility for the cost of copying shall be determined in an appropriate proceeding.

Rule 1.16(d) recognizes that both the attorney and the client have an interest in the client's file, including papers and property, during the existence of the attorney-client relationship and even after the attorney-client relationship has ended. Indeed, in many cases, the majority of a client's file may consist of materials provided by the client to the attorney, while in others, the file may consist primarily of materials obtained or provided by the attorney. It is the client's file, however, and the client's interest in the file supercedes the attorney's interest.[2] Nonetheless, during the attorney-client relationship, the client's file should be maintained by the attorney. This does not mean, however, and Rule 1.16 does not imply, that when represented by an attorney, the client has no right to bring suit or legal interest to recover his file and/or copies thereof from someone other than his attorney who obtained possession of his file or copies thereof without permission. Accordingly, the trial court's judgment granting the exception of no right of action is reversed.

Mr. Blazier argues that pursuant to *Howard Marshall Charitable Remainder Annuity Trust*, 97-1718 (La. 3/4/98), 709 So.2d 662, Louisiana courts do not have

_____

[2] An issue might arise if the client owes outstanding fees and expenses to the attorney, but that issue is not present here.

jurisdiction to consider the Estate's request. *Marshall* has no application here because Mrs. Marshall has not attempted to open the succession of E. Pierce Marshall in Louisiana. She simply seeks to recover property owned by the Estate that is situated in Louisiana and has been authorized to appear in court on behalf of the Estate as provided in La.Code Civ.P. art. 3403.

## DISPOSITION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings. All costs of this appeal are assessed to Thomas Glynn Blazier.

**REVERSED.**