Judge Daniel L. Dysart
h Kenneth Gaunichaux appeals a judgment of the trial court whereby Melvin Owens, Jr., was determined to be the proper party to be substituted as plaintiff in the captioned lawsuit. For the reasons that follow, we affirm the judgment.
BACKGROUND:
Tommie Varnado was killed in an accident on the Crescent City Connection in New Orleans in 2004. His widow, Patricia Varnado, filed a wrongful death and survival action lawsuit against various parties, including the Louisiana Department of Transportation and Development (“DOTD”). Mr. Varnado’s adult children from a prior relationship also filed suit. The two lawsuits were consolidated; however, the adult children settled with defendants, leaving only Mrs. Varnado’s claims. In December of 2012, Mrs. Varnado agreed to settle with DOTD, but prior to the trial court signing a consent judgment memorializing the settlement, Mrs. Varna-do died on March 10, 2013. The trial court signed a Consent Judgment on March 20, 2013.
*413 [2In November 2013, Kenneth John Gaunichaux, filed a motion to substitute himself as the proper party plaintiff in place of Mrs. Varnado. He alleged that he and Mrs. Varnado were married in 2006, and attached a copy of a marriage certificate to his motion. He argued that he was entitled to recover the settlement proceeds pursuant to La. Civ. Code art. 2315.1. On November 13, 2013, the trial court signed an order allowing Mr. Gaunichaux to be substituted as party plaintiff. However, prior to distributing the settlement funds to Mr. Gaunichaux, the DOTD questioned the validity of the consent judgment, as it was signed after Mrs. Varnado’s death.
On February 9, 2015, Melvin J. Owens, Jr., filed a Motion to Vacate and Set Aside the Motion and Order to Substitute Party Plaintiff, Patricia Varnado with Kenneth John Gaunichaux and Motion and Order to Substitute Party Plaintiff, Patricia Varna-do with Melvin J. Owens, Jr. The motions set fqrth that Patricia Varnado died intestate on March 10, 2013. Fúrther, the motions state that all damages awarded to her as the widow of Tommie Varnado are her separate property, as the damages are the result of an accidént that occurred prior to her marriage to Mr. Gaunichaux. Melvin J. Owens asserts that as the sole heir of Patricia Varnado, he is the proper party to represent her in the underlying lawsuit and the proper party to receive the damage award. In further support for vacating the motion substituting Mr. Gauni-chaux as party plaintiff, Mr. Owens argues that the motion filed by Mr. G&unichaux was defective in that it was not supported by a death certificate and an affidavit of the moving party.
| a A hearing was held on December 4, 2015 on the various outstanding motions filed by the parties. After hearing argument from counsel, the trial court ruled that Melvin J. Owens, Jr., was the property party to receive the settlement proceeds of the underlying lawsuit. A judgment was prepared and signed January 4,2016. .
Prior" to signing the judgment, Mr. Gaunichaux filed a Motion for Reconsideration, which was heard on January 15, 2016. The trial court noted that the code of procedure does not recognize a “motion for reconsideration,” but that it would consider it as a motion for new trial. The trial court signed a judgment denying the motion on June 21, 2016. This appeal was filed timely.
DISCUSSION:
Mr. Gaunichaux claims that La. Civ. Code art. 2315.1 controls who should receive the damage award for the. death of Patricia Varnado’s late husband. Article 2315.1 provides in part:
A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive, for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
Clearly, Patricia Varnado’s death is not the type of death contemplated by Art. 2315.1. Her death was not the result of an offense or quasi offense.
When Tommie Varnado died as the result of an accident, Mrs. Varnado’s right to recover the damages for his death accrued. That right accrued prior to her | ^marriage to Mr. Gaunichaux, and as such the damages recovered are her separate property. See La. Civ. Code art. 2341 (“The separate property of a spouse is his exclusively. It comprises: property acquired by a spouse prior to the establishment of a community property regime; ... ”)
*414 When Mrs. Varnado died intestate on March 10, 2013, the damages award became a part of her estate, and must devolve according to the laws of intestacy.
Louisiana Civil Code Articles 880 and 888 are applicable to the facts of this case. Article 880 provides that when a person dies intestate, “the undisposed property of the deceased devolves by operation of law in favor of his descendants, ascendants, and collaterals, by blood or by adoption, and in favor of his spouse not judicially separated from him, in the order provided in and according to the following articles.” Article 888 provides in part that “[djescen-dants succeed to the property of their ascendants.” Applying these articles,, the damage award was Mrs. Varnado’s separate property, and thus devolved by operation of law to her only descendant, Melvin J. Owens, Jr. Also see, Horrell v. Horrell, 99-1093, p. 7 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, 369.
Based on the above, we find that the trial court was correct in ruling that Melvin J. Owens, Jr., Mrs. Varnado’s only child, is the proper party to be substituted as plaintiff in the underlying lawsuit, and is the proper party to receive the proceeds of the settlement for disbursement in accordance with Mrs. Varnado’s succession.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED