STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-84

LABORATORY CORPORATION OF AMERICA

VERSUS

PROGRESSIVE ACUTE CARE DAUTERIVE, LLC, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 128215
HONORABLE VINCENT JOSEPH BORNE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Gordon Paul Serou, Jr.
Attorney at Law
650 Poydras St., Suite 1002
New Orleans, LA 70130
(504) 207-1910
COUNSEL FOR PLAINTIFF-APPELLANT:
    Laboratory Corporation of America

Gary Jude Delahoussaye
Gachassin Law Firm
P. O. Box 80369
Lafayette, LA 70598
(337) 235-4576
COUNSEL FOR DEFENDANT-APPELLEE:
    Hospital Service District No. 1 of Iberia Parish

**Hector R. Lopez**
**Attorney at Law**
**P. O. Box 2656**
**Covington, LA 70434**
**(800) 516-3075**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Progressive Acute Care Dauterive, LLC**

**PICKETT, Judge.**

Laboratory Corporation of America (Lab Corp) appeals a judgment of the trial court sustaining a "Peremptory Exception of No Right or Cause of Action" filed by Hospital Service District No. 1 of Iberia Parish d/b/a Iberia Medical Center (IMC), and dismissing Lab Corp's claims against IMC with prejudice.

## FACTS

Lab Corp provided laboratory testing services for Progressive Acute Care Dauterive, LLC d/b/a Dauterive Hospital. Lab Corp's petition on open account alleges that it provided services to Dauterive Hospital for which it has not been paid. It is undisputed that all charges alleged in Lab Corp's petition were incurred while Progressive Acute Care Dauterive, LLC, operated Dauterive Hospital. In 2015, IMC began operating Dauterive Hospital. Lab Corp alleges in its petition that as the successor corporation of Progressive Acute Care Dauterive, LLC, IMC is responsible for the charges. IMC filed a "Peremptory Exception of No Right or Cause of Action," denying that it is a successor corporation. IMC claims that it only purchased the assets of Dauterive Hospital, and attached the sale document to its exception as evidence of this fact.

Following a hearing in which the trial court considered the documents attached to IMC's exception, the trial court granted the "Peremptory Exception of No Right or Cause of Action" and dismissed Lab Corp's claims against IMC with prejudice. Lab Corp now appeals that judgment.

## ASSIGNMENTS OF ERROR

Lab Corp asserts four assignments of error:

1. The trial court erred by granting IMC's exception of no cause of action.

2. The trial court erred by considering information outside the four corners of plaintiff's petition in deciding the exception of no cause of action, and by making findings of fact.

3. The trial court erred by granting IMC's exception of no right of action.

4. The trial court erred by dismissing Lab Corp's action with prejudice, without granting leave to amend.

## DISCUSSION

A peremptory exception of no right of action and a peremptory exception of no cause of action are two separate legal theories. The supreme court explained the purpose of an exception of no cause of action in *Scheffler v. Adams and Reese, LLP,* 06–1774, pp. 4–5 (La. 2/22/07), 950 So.2d 641, 646-47 (case citations omitted):

> As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception of no cause of action. LSA–C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.
>
> Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action.

The party who filed the exception disputing the existence of a cause of action bears the burden of demonstrating that a petition fails to state a cause of action. *Id.*

An appellate court reviews the trial court's ruling on an exception of no cause of action de novo "[b]ecause the exception of no cause of action raises a question of law and the district court's decision is based solely on the sufficiency of the petition." *Scheffler,* 950 So.2d at 647. Ultimately, the court must determine

2

"whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief." *Id.*

This court explained the purpose of an exception of no right of action in *Mississippi Land Co. v. S & S Properties II, Inc.*, 01-1623, pp. 2-3 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200, 1202-3:

> Under La.Code Civ.P. art 927, a defendant may raise the peremptory exception of no right of action. An exception of no right of action has the function of determining whether the plaintiff has any interest in the judicially enforced right asserted. *St. Jude Medical Office Bldg., Ltd. Partnership v. City Glass and Mirror, Inc.*, 619 So.2d 529 (La.1993). The function of this exception is to terminate the suit brought by one who has no judicial right to enforce the right asserted in the lawsuit. *Yolanda F.B. v. Robert D.R.*, 00-958 (La.App. 3 Cir. 12/6/00); 775 So.2d 1107. The determination of whether a plaintiff has a right of action is a question of law. *Horrell v. Horrell*, 99-1093 (La.App. 1 Cir. 10/6/00); 808 So.2d 363, *writ denied*, 01-2546 (La.12/7/01); 803 So.2d 971. Accordingly, we review exceptions of no right of action *de novo*. *Id*.

Appellate review of a ruling on an exception of no right of action "should focus on whether the particular plaintiff has a right to bring the suit and is a member of the class of persons that has a legal interest in the subject matter of the litigation, assuming the petition states a valid cause of action for some person." *Eagle Pipe and Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, p. 7 (La. 10/25/11), 79 So.3d 246, 256.

While the trial court seemingly treated the "Peremptory Exception of No Right or Cause of Action" as one issue, we must bifurcate the issues, as each has different standards. Furthermore, La.Code Civ.P. art. 931 (emphasis added) makes clear that, while evidence may be submitted to support a peremptory exception of no right of action, no evidence may be taken to support an exception of no cause of action:

> On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or

controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.

When the peremptory exception is pleaded in the trial court after the trial of the case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition thereto, but the defendant may introduce no evidence except to rebut that offered by plaintiff.

***No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.***

Thus, to the extent that the trial court relied on the evidence attached to the pleading filed by IMC to rule on the exception of no cause of action, we find the trial erred. In our de novo review of the judgment of the trial court, we shall not consider that evidence.

The petition filed by Lab Corp incorporates the language of *Hollowell v. Orleans Regional Hospital LLC,* 217 F.3d 379 (5th Cir. 2000). The court in *Hollowell* considered the extent of the liability of a successor corporation for the debts of a business it purchased if it is a "mere continuation" of the same business. Accepting the facts of the petition as true for the purpose of determining if Lab Corp has asserted a cause of action against IMC, we find that Lab Corp has stated a cause of action. The peremptory exception of no cause of action is overruled. During trial, of course, IMC will have the opportunity to present evidence to support its theory that it is not liable for the debts incurred by Dauterive Hospital prior to the sale.

As for the peremptory exception of no right of action, we find that, assuming that Lab Corp has stated a valid cause of action, it is the proper party to prosecute the claims raised in the petition. Lab Corp provided services for which it claims it was not paid, and it has a right of action to bring suit to recover those sums. The peremptory exception of no right of action is overruled.

The final assignment of error raised by Lab Corp, seeking amendment of its petition, is moot.

## CONCLUSION

For the reasons assigned, the judgment of the trial court is reversed, the exceptions of no cause of action and no right of action are overruled, and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Hospital Service District No. 1 of Iberia Parish d/b/a Iberia Medical Center.

**REVERSED AND REMANDED.**