LOTTINGER, Judge.
This is a suit wherein the petitioner seeks an injunction against the defendant, enjoining them from doing certain things which is allegedly in violation of a contract between the petitioner and the defendant. The Lower Court originally granted a Temporary Restraining Order, as prayed for by the petition of petitioner; the de *356 fendant thereupon filed a Motion to Dissolve the Temporary Restraining Order, based upon grounds which are set forth therein, the main ground, for the purpose of this opinion, being that the petitioner is an unincorporated association and is unable to appear in Court upon a petition which fails to name all the members thereof. The Lower Court awarded judgment in favor of defendant, and dissolved the Temporary Restraining Order, and awarded attorney fees in the amount of Seven Hundred Fifty ($750.00) Dollars. The petitioner has appealed.
The grounds upon which the injunction was sought by the petitioner are now moot, the only question before the Court is whether or not the Lower Court was correct in dissolving the Temporary Restraining Order and awarding defendant, attorney fees. The question to be determined, therefore, is whether an unincorporated association may appear as party plaintiff in a suit without joining all members thereof as petitioners. In the petition, the petitioner is represented by its business agent who, according to the record, had no authority to so appear.
Article 446 of the LSA-Civil Code provides as follows:
“Corporations unauthorized by law or by an act of the Legislature, enjoy no public character, and can not appear in a court of justice, but in the individual name of all the members who compose it, and not a political body; although these corporations may acquire and possess estates, and have common interests as well as other private societies.”
The defendant has cited several cases which hold that an unincorporated association can be sued without naming all the individual members thereof in the petition. In that instance, however, the unincorporated association is a party defendant. It is true that in Hanson v. International Union of Operating Engineers, La.App., 79 So.2d 199, 205, we held that an unincorporated association could be sued for an injunction without individually citing each member thereof. Our decision, however, was based upon the reason that “time is of the essence in the nature of the relief prayed for in this case (and) to require the ascertainment of individual membership of an unincorporated association and thereafter individual citation as conditions precedent to the granting of relief, — and thereby require plaintiff to gather information almost exclusively within the knowledge of defendants without whose help it would be impracticable or perhaps even impossible to gather, and from whom hindrance and obstruction, rather than cooperation, could be reasonably anticipated, —would be tantamount to a denial of relief.” Douglas Public Service Corporation v. Gaspard, 225 La. 972, 74 So.2d 182.
On the other hand, jurisprudence has been cited that an unincorporated association may not file suit except in the individual name of each member thereof. Executive Committee of French Opera Trades Ball v. Tarrant, 164 La. 83, 113 So. 774, 53 A.L.R. 1233; State ex rel. Doane v. General Longshore Workers, La.App., 61 So.2d 747.
It, therefore, appears that the Courts have interpreted the provisions of Codal Article 446 to apply to unincorporated associations appearing as parties plaintiff. In such an instance, each member thereof must be named in the petition. This condition does not impose an undue hardship, as the names of the members are, of course, within the records of the clubs. In the opposite situation, however, where the association is the party defendant, the Courts have refused to impose the extreme hardship upon petitioner of seeking out and naming all members of the association, as it would be almost impossible for him to secure such information.
We think the Legislature properly recognized the fact that the requirement that such association must be sued in the name of each individual member may often impose a hardship and frequently an insur *357 mountable handicap upon those who would sue such concerns. To alleviate to some degree the obstacles otherwise facing those who wish to sue such concerns, we think the Legislature very wisely enacted LSA-R.S. 13:3471(22), which provides that suits against such concerns on an obligation incurred for the benefit of the association need not be brought against all members individually but might properly be brought in the name of the association only. Unquestionably, the aforesaid statute remedied an otherwise intolerable situation and eliminated a condition wherein the enforcement of rights against such institutions could be defeated or unduly delayed because of a condition strictly under the control of the association (the party sought to be sued). ■
The fact that the statute above referred to authorizes suit to be filed against such associations on matters of contract incurred for the benefit of the association does not, in our opinion, necessarily imply the association may sue in its own name in such instances. Had the Legislature intended such result, it seems obvious to us it could very easily have so stated.
This is a matter which strictly addresses itself to the Legislature. As a matter of fact we note that the new Louisiana Code of Civil Procedure, which goes into effect January 1, 1961 under Article 689, expressly provides that unincorporated associations have procedural capacity to sue in its own name. Article 7388 further clarifies the presently existing uncertainty by expressly providing that unincorporated associations may be sued in their own names. In line with this same proposition, we also note Article 1264 of the new Code which states that service on unincorporated associations shall be made by personal service on the agent appointed, this Article, of course, being supplementary of the two previously mentioned. Regardless of what the new Code provides, of course, we must settle the matter presently before us on the law as it exists today and without .regard to those which will become effective in the future.
From the above reasons, it appears to us that the Lower Court was correct in dismissing the Temporary Restraining Order which was illegally issued, and we feel, therefore, that the defendant was entitled to attorney fees. As to the quantum of attorney fees, such services were performed before the Lower Court and, certainly, it is in a much more favorable position to judge the value thereof than are we. The judgment of the Lower Court will therefore be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.
HERGET, J., recused.