ELLIS, Judge.
This suit is before us for the second time. In our first opinion, No. 11,444, 349 So.2d 961 (La.App. 1st Cir. 1977), we summarized the pertinent facts as follows:
“This is a suit for the wrongful death of John Kenneth Ricks. Plaintiffs are Mildred Lemoine, wife of and Albin J. Ricks, Sr., parents of the decedent; and Virginia M. Burgess, former wife of the decedent, and mother of Sharon Lynn Ricks, his minor daughter, on behalf of the said daughter. Defendants are Richard Roberson, who is alleged to be the killer of the decedent; and Donald Madden, owner of the bar in which John Kenneth Ricks was allegedly killed.
“Defendant Roberson filed two exceptions: a peremptory exception of no right or cause of action directed at Mr. and Mrs. Ricks, Sr.; and a dilatory exception of lack of procedural capacity, directed at Mrs. Burgess.
“After a hearing, judgment was rendered sustaining the peremptory exceptions and dismissing the suit by Mr. and Mrs. Ricks, Sr. against Mr. Roberson. The judgment further sustained the exception of lack of procedural capacity, but granted Mrs. Burgess until January 12,1977, to qualify as tutrix for her minor child. Subsequently, Mrs. Burgess was granted an extension until February 14, 1977. “Thereafter, all three plaintiffs took a devolutive appeal from the said judgment.
“With respect to the appeal by Mrs. Burgess, we note that the judgment is interlocutory with respect to her, and therefore not appealable. No judgment dismissing her suit for noncompliance with the order of the judgment appealed from appears in the record, nor has irreparable injury been shown. Articles 1841, 2083, 933, Code of Civil Procedure. The appeal, with respect to Mrs. Burgess, is therefore dismissed.”
We affirmed the judgment of the trial court insofar as it dismissed the suit of Mr. and Mrs. Ricks, Sr.
According to the records of this court, plaintiffs applied for a rehearing on July 26, 1977, which was refused on August 24, 1977. Notice of the refusal was mailed to counsel for plaintiffs by certified mail on August 24, 1977. Apparently this notice was lost in the mail, because no return receipt was received by our court, and there was no record of its having been received in the New Orleans post office. Counsel for plaintiffs alleges, in brief, that he never received the notice.
On March 20, 1978, defendant Roberson filed a motion to dismiss the suit, alleging that Mrs. Burgess had never qualified as tutrix of her minor child. Plaintiffs excepted to the jurisdiction of the court to dismiss the suit, alleging the case to be pending before this court. It was argued that notice of the refusal of the rehearing had never been received, and the judgment of this court was therefore not final.
After a hearing, judgment was rendered dismissing the petition of Sharon Lynn Ricks, with prejudice, as to Richard Roberson. From that judgment, plaintiffs have appealed.
Article 2167 of the Code of Civil Procedure, as it read prior to January 1, 1978, provided:
“A judgment of an appellate court becomes final and executory when the delay for applying for a rehearing has expired and no application therefor has been made.
“When an application for a rehearing has been applied for timely:
(1) A judgment of the supreme court becomes final and executory when this application is denied; and
*1012 (2) A judgment of a court of appeal becomes final and executory when the supreme court denies a timely application for a writ of certiorari in the case; or on the expiration of thirty days after the denial of a rehearing by the court of appeal, if no timely application has been made to the supreme court for a writ of certiorari.”
Contrary to plaintiffs argument, there was no requirement that notice of the refusal of a rehearing be given to a party. See Rule XI, Uniform Rules, Courts of Appeal.
This judgment of this court, therefore, became final 30 days after August 24, 1977, and the jurisdiction of the trial court once again attached. It could properly dismiss plaintiffs case for failure to comply with its order of January 27, 1977. Plaintiffs objection is entirely technical in any event, since she states in her brief that her counsel inquired of the clerk’s office as to the disposition of the rehearing application shortly after it was decided.
On the merits of the exception of procedural capacity, Article 683 of the Code of Civil Procedure provides:
“An unemancipated minor does not have the procedural capacity to sue.
“Except as otherwise provided in Article 4431, the tutor appointed by a court of this state is the proper plaintiff to sue to enforce a right of an unemancipated minor, when (1) one or both of the parents are dead, (2) the parents are divorced or judicially separated, or (3) the minor is an illegitimate child.”
It is clear from the record that Mrs. Burgess has never qualified as tutrix of the minor. It is argued on her behalf that, under Article 235 of the Civil Code, she does not have to qualify as tutrix in order to represent her minor child in court. It is further contended that she cannot qualify as tutrix because the minor is domiciled in Florida, which is alleged to have no tutorship law. Finally, she argues that there is no proper venue for a tutorship proceeding in Louisiana since the minor owns no property in the state.
Article 235 of the Civil Code is a general grant of authority, which is limited in its application by Article 683 of the Code of Civil Procedure, a specific procedural provision. The first contention is without merit.
As to the second contention, the minor in this case does have movable property in Louisiana: her cause of action in this suit. It is, of course, located in St. Tammany Parish, where the suit was filed. Article 4032 of the Code of Civil Procedure states:
“If the minor is not domiciled in the state, a petition for the appointment of a tutor may be filed in any parish where:
(1) Immovable property of the minor is situated; or
(2) Movable property of the minor is situated, if he owns no immovable property in the state.”
Therefore, even if plaintiffs’ doubtful and unsupported assertion that the State of Florida has no laws governing tutorship or guardianship proceedings is true; and if the unproven assertion that the minor is domiciled in the State of Florida is true, there is an express provision of our law for the proper venue for tutorship proceedings under those circumstances. The second contention is without merit.
However, the dismissal of the suit with prejudice was not proper. When a suit is dismissed for failure of a party to comply with a judgment sustaining a dilatory exception and ordering the plaintiff to remove the objection raised by the exception, the dismissal must be without prejudice. Articles 926, 933, Code of Civil Procedure; Cheramie v. Rodrigue, 250 So.2d 514 (La.App., 1st Cir. 1971).
The final specification of error relates to the cause of action by the parents of the deceased. This, of course, was disposed of in our first opinion, and is not a part of the judgment appealed from.
The judgment appealed from is therefore amended so as to make the dismissal of the suit as to Richard Roberson without prejudice, and, as amended, it is affirmed, at plaintiff’s cost.
AMENDED AND AFFIRMED.