PONDER, Judge.
Plaintiffs filed suit for damages for trespass upon their property. Third party defendant, Crown Zellerbach Corporation, defended in both the main and third party demands on the basis of its ownership of the property. Only the third party defendant appealed the judgment. The issue is the propriety of the judgment.
The relevant parts of the judgment read as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the Third-Party Demand of L. A. Jones, Daniel Jones and Triangle Timber be recognized.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be Judgment in favor of the Plaintiffs, Jesse Bickford and Estate of Hillery Bickford and against the Third-Party Defendants, Crown Zellerbach in the sum of $414.65 for the costs of the timber removed.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be Judgment in favor of the Plaintiffs, Jesse Bickford and Estate of Hillery and against the Third-Party Defendants, Crown Zellerbach Corporation in the sum of $1,000.00 for damages to the property.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the (sic) be Judgment in favor of the Plaintiffs, Jesse Bickford and the Estate of Hillery Bickford, that they be declared to be the owners of the ten acres in question by virtue of either prescription of ten or thirty years.”
We find the judgment incorrect. Plaintiffs did not sue Crown Zellerbach originally and never amended their petition so as to seek recovery from third party defendant. The judgment in favor of plaintiffs and against Crown Zellerbach is improper.
Furthermore, the title was at issue only incidentally to the question of trespass; the action was not converted into a petitory action. The judgment as to title is therefore also improper.
However, we find ourselves unable to grant relief. Only the third party defendant appealed. We cannot amend the judgment so as to grant relief in favor of plaintiffs or defendants-third party plaintiffs.
We therefore reverse and set aside the judgment.
REVERSED.