CRAIN, J.
|2In this medical malpractice action, the plaintiffs appeal a judgment sustaining a dilatory exception of lack of procedural capacity and a peremptory exception of prescription, and dismissing all claims with prejudice. We affirm in part, amend in part, reverse in part, and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
Evorjia Woodard filed a petition for damages against James Robert Upp, Jr., M.D., and Our Lady of the Lake Regional Medical Center (Hospital), on April 9, 2012, alleging that the defendants breached the standard of care while treating Mrs. Woodard’s minor daughter, Alexis Woodard, who was later transferred to another hospital where she died. According to the petition, it was filed by “Evorjia Woodard, a major individual, domiciled in the Parish of East Baton Rouge, City of Baton Rouge, State of Louisiana, for and on behalf of her deceased minor daughter and through her undersigned attorney....”
Dr. Upp and the Hospital responded to the petition by filing a dilatory exception raising the objections of lack of procedural capacity and nonconformity of the petition with the requirements of Louisiana Code of Civil Procedure article 854. The defendants primarily argued that the petition lacked sufficient allegations to establish that Mrs. Woodard was the natural tutor of Alexis pursuant to Louisiana Code of Civil Procedure article 4061.1.[1] By judgment signed on | sOctober 15, 2012, the trial court granted the exceptions but permitted Mrs. Woodard fifteen days to amend her petition.[2]
*17 On November 5, 2012, Mrs. Woodard filed an amended petition for damages that added a new plaintiff, Ado Woodard (Mr. Woodard), and alleged that Mrs. Woodard and Mr. Woodard were legally married and that Alexis was born of the marriage. Dr. Upp and the Hospital again filed an exception of procedural capacity as “to the claims of plaintiff, Evorjia Woodard,” arguing that the child’s father, Mr. Woodard, was the proper party to assert any claims on behalf of their deceased minor child pursuant to Louisiana Code of Civil Procedure article 683. Subpart C of Article 683 provides, in pertinent part, “The father, as administrator of the estate of his minor child, is the proper plaintiff to sue to enforce a right of an unemancipated minor who is born of the marriage of parents who are not divorced or judicially separated.” As to the claims filed by Mr. Woodard, the defendants asserted a peremptory exception of prescription and argued that the medical malpractice action prescribed on August 8, 2012. Citing Warren v. Louisiana Medical Mutual Insurance Company, 07-0492 (La.12/2/08), 21 So.3d 186, Dr. Upp and the Hospital asserted that the amended petition did not relate back to the filing of the original petition on April 9, 2012, and, therefore, the claims filed by Mr. Woodard had prescribed. The defendants requested that the exceptions be sustained and that there be judgment “dismissing plaintiffs’ amended petition” with prejudice.
The record on appeal does not contain the memorandum filed on behalf of Mr. and Mrs. Woodard in opposition to the exceptions; however, at the hearing on the exceptions, plaintiffs’ counsel essentially argued that applying Article 683C to prevent Mrs. Woodard from filing a claim on behalf of her deceased minor daughter would be unfair and suggested that Article 683C was unconstitutional. |4At the conclusion of the hearing, the trial court granted the exceptions, finding that Mrs. Woodard did not have the capacity to bring the suit under Article 683 and that she had “not completed the procedural formalities to become the administratrix” of her daughter’s estate. The trial court further held that Mr. Woodard’s claim had prescribed. A judgment was signed on March 25, 2013, dismissing all of the plaintiffs’ claims with prejudice. Mr. and Mrs. Woodard appealed.[3]
LAW AND ANALYSIS
On appeal, Mrs. Woodard argues that Article 683C is unconstitutional or should not be applied to the facts of this case; and, therefore the trial court erred in sustaining the dilatory exception of lack of procedural capacity. Dr. Upp and the Hospital contend that Mrs. Woodard should be precluded from challenging the constitutionality of Article 683C because she did not assert the unconstitutionality of the article in a pleading filed with the trial court. See Vallo v. Gayle Oil Company, Inc., 94-1238 (La.11/30/94), 646 So.2d 859, 864-865.
We pretermit consideration of Mrs. Woodard’s constitutional challenge to Article 683C and any procedural deficiencies inherent in that challenge because (1) we *18 find Article 683C does not apply to the facts of this case, and (2) the trial court’s ruling is supported by the alternative basis cited by the court insofar as it sustained the exception of lack of procedural capacity and dismissed the claims filed by Mrs. Woodard in a representative capacity on behalf of her deceased child.
A. Dilatory Exception of Lack of Procedural Capacity
The dilatory exception of lack of procedural capacity raises the issue of want of capacity of the plaintiff to institute and prosecute the action and stand in | ¿judgment and/or challenges the authority of a plaintiff who appears in a purely representative capacity. See La.Code Civ. Pro. art. 926A(6); Palowsky v. Premier Bancorp, Inc., 597 So.2d 543, 546 (La.App. 1 Cir.1992). “Lack of capacity” is not synonymous with no right of action. Horrell v. Horrell, 99-1093 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, 369, writ denied, 803 So.2d 971 (La.12/7/01). Lack of procedural capacity is a dilatory exception which tests a party’s legal capacity to bring a suit. Horrell, 808 So.2d at 369.
It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception. La.Code Civ. Pro. art. 855. The determination of whether a party has the procedural capacity to sue or be sued involves a question of law, which is reviewed under the de novo standard of review to determine whether the ruling of the trial court was legally correct. Swift v. Juvenile Court, 09-1182 (La.App. 3 Cir. 3/10/10), 2010 WL 786031 (unpublished opinion), writ denied, 10-1139 (La.9/17/10), 45 So.3d 1048.
B. Claims Filed in Representative Capacity
Mrs. Woodard and the defendants focus their appellate arguments on Article 683C. Subpart A of Article 683 provides that an unemancipated minor does not have procedural capacity, and Subparts B through D identify the proper parties to enforce a right of an unemancipated minor; however we interpret the article to govern the enforcement of a claim of a living minor, not a deceased minor. This interpretation is supported by the facts of the cases cited by the defendants, as each of those cases involved a parent’s capacity to file a personal injury claim on behalf of a living minor. See Wiggins v. State Through Department of Transportation and Development, 97-0432 (La.App. 1 Cir. 5/15/98), 712 So.2d 1006, 1008, writ not [ ficonsidered, 98-1652 (La.9/25/98),726 So.2d 6; Cosey v. Allen, 316 So.2d 513, 516 (La.App. 1 Cir.1975); Alexander v. Town of Jeanerette, 371 So.2d 1245, 1246 (La.App. 3 Cir.1979). See also Scott v. Jack’s Cookie Company, 413 So.2d 1334, 1335 (La.App. 1 Cir.1982). Therefore, we find Article 683 to be inapplicable to the facts of this case.
The enforcement of a right of a deceased person is governed by Article 685, which provides that the “succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession” while a succession is under administration. If no succession is open and under administration, an heir can sue directly, in his or her own name, without having been recognized as such by the probate court; all that is required is that he furnish satisfactory evidence of his right to inherit. See La.Code Civ. Pro. *19 art. 426; La. Civ.Code arts. 935, 938; Sherar v. Besse, 07-2003, p. 5 (La.App. 1 Cir. 8/12/09), 2009 WL 2461303 (unpublished opinion), writ denied, 09-1993 (La.11/20/09), 25 So.3d 799; Jones v. McDonald’s Corp., 618 So.2d 992, 996 (La.App. 1 Cir.1993); see also La.Code Civ. Pro. art. 801.
Mrs. Woodard attempts to assert claims in a representative capacity on behalf of her deceased daughter. Pursuant to Article 685, representative claims of that nature may only be pursued by an appointed succession representative while a succession is under administration. Mrs. Woodard did not allege nor prove that a succession has been opened and is under administration for her deceased daughter or that she had been appointed as the succession representative. Accordingly, she lacks the procedural capacity to file a suit in a representative capacity on behalf of her deceased minor daughter. See La.Civ.Code art. 685; Horrell, 808 So.2d at 369 (plaintiff who was not the appointed succession representative lacked the legal capacity to file suit on behalf of the succession). Accordingly, we find the trial court properly granted the exception as to any claims filed by Mrs. Woodard in a 17purely representative capacity on behalf of her deceased minor daughter. However, the dismissal of these claims should have been without prejudice. When a suit is dismissed for failure of a party to comply with a judgment sustaining a dilatory exception and ordering the plaintiff to remove the objection raised by the exception, the dismissal must be without prejudice. Lemoine v. Roberson, 366 So.2d 1009, 1012 (La.App. 1st Cir.1978) (where plaintiff lacked procedural capacity to bring action on behalf of her child because she had never qualified as tutrix of the minor, dismissal of the suit should have been without prejudice). The trial court’s judgment ordering dismissal of Mrs. Woodard’s claims in a representative capacity on behalf of her deceased minor daughter will be amended accordingly.
C. Claims Filed in Individual Capacity
The exception of lack of procedural capacity was directed at “the claims of the plaintiff, Evorjia Woodard” and requested that the trial court dismiss “plaintiffs’ amended petition with prejudice.” Pursuant to that request, the trial court sustained the exception and dismissed “plaintiffs’ claims” with prejudice. We find that the trial court erred in dismissing all of plaintiffs’ claims. The original petition provides that it was filed by Mrs. Woodard as “a major individual, domiciled in the Parish of East Baton Rouge, City of Baton Rouge, State of Louisiana, for and on behalf of her deceased minor daughter and through her undersigned attorney .... ” This introduction is followed by detailed factual allegations about her daughter’s medical treatment and associated complications that ultimately led to her death. The petition further provides, “Plaintiff itemizes the damages ... which she is entitled to recover as a result of the death of her minor daughter, as follows:
a. Mental anguish, grief, pain, and emotional distress and sufferings;
b. Loss of enjoyment of life;
_j£. Loss of life; and
d. Medical expense[;]
e. As well as other elements of personal injury damages to be shown at the trial should this matter proceed to trial.
The petition concludes with a prayer for relief that includes a request for “an award of compensatory damages to Plaintiff, Evorjia Woodard, and against defendants, jointly and severally, for the wrongful death of her daughter and sur *20 vival action in an amount to be determined at trial.”[4]
A pleading must be reasonably construed so as to afford the litigant his day in court, arrive at the truth, and do substantial justice. La.Code Civ. Pro. art. 865; First Nat. Bank of Picayune v. Pearl River Fabricators, Inc., 06-2195 (La.11/16/07), 971 So.2d 302, 308. Construing the petition in its entirety, we find the allegations are sufficient to set forth claims by Mrs. Woodard in her individual capacity.
A competent major and a competent emancipated minor have the procedural capacity to sue. La.Code Civ. Pro. art. 682. A natural person who has reached majority has capacity to make all sorts of juridical acts, unless otherwise provided by legislation. La. Civ.Code art. 28. Mrs. Woodard’s procedural capacity to pursue her individual claims is presumed because it was not challenged by the defendants in the exception of lack of procedural capacity. See La.Code Civ. Pro. art. 855; Horrell, 808 So.2d at 369. Accordingly, the trial court erred to the extent it granted the exception of lack of procedural capacity and dismissed Mrs. Woodard’s claims pursued in her individual capacity.
^CONCLUSION
The March 25, 2013 judgment of the trial court is affirmed to the extent it sustained the exception raising the objection of lack of procedural capacity as to the claims filed by Mrs. Woodard in a purely representative capacity on behalf of her deceased minor daughter, but the judgment is amended to provide that the dismissal of those claims shall be without prejudice. The judgment is reversed to the extent it dismissed Mrs. Woodard’s claims filed in her individual capacity, including the survival action pursuant to Louisiana Civil Code article 2315.1 and the wrongful death action pursuant to Louisiana Civil Code article 2315.2. Costs of this appeal are assessed to James Robert Upp, Jr., M.D., and Our Lady of the Lake Regional Medical Center. This matter is remanded for further proceedings in accordance herewith.
AFFIRMED IN PART, AMENDED IN PART, REVERSED IN PART, AND REMANDED.

. Article 4061.1, applicable to natural tutor-ships arising after the death of a parent or upon divorce or judicial separation, provides, in part, that "the natural tutor of a minor child may file an action for damages based on a delictual obligation without the necessity of qualifying as tutor pursuant to Article 4061 and without the necessity of filing a petition pursuant to Article 4031, if the natural tutor is any of the following ... [t]he surviving parent of the minor child [or] [t]he parent under whose sole care the minor child has been placed when the parents are divorced or judicially separated from bed and board....” La.Code Civ. Pro. art. 4061.1 A; see also La.Civ.Code arts. 250 and 257. Under Subpart B of Article 4061.1, the "petitioner in an action for damages based on a delictual obligation shall allege in the petition that he qualifies under Paragraph A of this Article to act of right as tutor, and the petitioner shall set forth the facts, including the relationship to the minor child, entitling the petitioner to act as tutor.”

. Prior to the judgment, Mrs. Woodard obtained leave of court and filed an amended petition but later withdrew that amended petition by order of the court issued on October 31, 2012.

. Although Mr. Woodard joined in the motion for appeal, he did not file a brief with this court; nor has Mrs. Woodard advanced any argument for the modification or reversal of the judgment to the extent it sustained the exception of prescription and dismissed Mr. Woodard's claims. Therefore, our review of the trial court's judgment does not extend to the granting of the exception of prescription and dismissal of Mr. Woodard's claims, as that portion of the judgment is final. See Uniform Rules — Courts of Appeal, Rules 1-3 and 2-12.4; Franklin v. AIG Casualty Company, 13-0069, n. 3 (La.App. 1 Cir. 6/7/13), 2013 WL 3475773 (unpublished opinion).

. A survival action under Louisiana Civil Code article 2315.1 is not a claim pursued in a representative capacity on behalf of the deceased victim, Rather, it is a cause of action granted to certain designated beneficiaries to recover the damages that a person suffered and would have been entitled to recover from a tortfeasor, if the person had lived. See In re Brewer, 05-0666 (La.App. 1 Cir. 5/5/06), 934 So.2d 823, 826, writ denied, 06-1290 (La.9/15/06), 936 So.2d 1278. Similarly, Article 2315.2 grants a "wrongful death action" to the same beneficiaries to recover such damages as the beneficiaries have suffered if a person dies as a result of a tort. In re Brewer, 934 So.2d at 827.