**MT. ZION BAPTIST ASSOCIATION**

v.

**MT. ZION BAPTIST CHURCH #1 OF REVILLETOWN PARK**

2016 CA 0151

Court of Appeal of Louisiana,
First Circuit.

OCTOBER 31, 2016

C. Jerome D'Aquila, New Roads, Louisiana, and, Marla L. Dickerson, Addis, Louisiana, Counsel for Plaintiff-Appellant, Mt. Zion Baptist Association

Maurice D. Hall, Plaquemine, Louisiana, Counsel for Defendant-Appellee, Mt. Zion Baptist Church # 1 of Revilletown Park

F. Barry Marionneaux, F. Charles Marionneaux, Plaquemine, Louisiana, and, David M. Bienvenu, Jr., Phillip E. Foco, John Allain Viator, Anthony J. Lascaro, Baton Rouge, Louisiana, Counsel for Intervenor-Appellee, Axiall Corporation, Successor in Interest to Georgia Gulf Corporation, and Georgia Gulf Chemicals & Vinyls, LLC, and Georgia Gulf Chemicals & Vinyls, LLC

BEFORE: HIGGINBOTHAM, THERIOT AND CHUTZ, JJ.

CHUTZ, J.

The critical issue in this appeal is whether the plaintiff-appellant, Mount Zion Baptist Association, an unincorporated association (hereinafter "MZBA"), has procedural capacity to prosecute the instant lawsuit. Concluding it did not, the trial court sustained a dilatory exception raising the objection of lack of procedural capacity and dismissed the lawsuit. For the following reasons, we affirm the dismissal of the lawsuit but amend the trial court's judgment to provide that the dismissal shall be without prejudice.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 8, 2012, Mount Zion Baptist Association, a non-profit corporation (hereinafter "MZBA Inc."),[1] filed a pleading styled as a petition for injunctive relief against the alienation, encumbrance, or destruction of any burial plots located in a historic cemetery commonly known as Revilletown Cemetery. The only named defendant was Mt. Zion Baptist Church # 1 of Revilletown Park (hereinafter "the Church"). MZBA Inc. alleged the cemetery had been operated for over a century "as the final resting place of [the] original inhabitants of Revilletown and their descendants" but that the Church was making unauthorized sales of cemetery burial plots to individuals who were neither residents of Revilletown nor descendants of its original inhabitants.

On November 20, 2012, Georgia Gulf Chemicals & Vinyls, LLC (hereinafter "Georgia Gulf") filed a petition for intervention in which it asserted ownership of Revilletown Cemetery and sought dismissal of MZBA Inc.'s petition for injunctive relief. Subsequently, on October 3, 2014, Axiall Corporation (hereinafter "Axiall"), as successor to Georgia Gulf, together with the Church, filed a motion for summary judgment seeking dismissal of MZBA

1. MZBA Inc. was incorporated on March 3, 2009, for the purpose of maintaining Revilletown Cemetery.

Inc.'s claims. On January 6, 2015, MZBA Inc. filed a supplemental and amending petition in |₃which it added Janice Dickerson and Vivian Ann Craig Chiphe as additional plaintiffs, both in their individual and representative capacities on behalf of MZBA, the unincorporated association that purportedly acquired Revilletown Cemetery in 1881. Ms. Dickerson and Ms. Chiphe alleged they were "heirs" of Robert Taylor, who was a member of MZBA and represented it in the 1881 transaction by which MZBA allegedly acquired ownership of Revilletown Cemetery. The amending petition also effectively added MZBA as an additional plaintiff.

In response to the amending petition, Axiall and the Church filed a dilatory exception raising the objection of lack of procedural capacity. They asserted MZBA lacked procedural capacity to sue under La. C.C.P. art. 689 because it did not bring suit either through its president or an authorized officer.[2]

On April 1, 2015, the trial court signed a summary judgment dismissing all claims of MZBA Inc., with prejudice.[3] At that time, MZBA, Ms. Dickerson, and Ms. Chiphe remained as plaintiffs in the lawsuit. However, on July 21, 2015, the trial court sustained Axiall and the Church's exception of lack of procedural capacity and gave MZBA an opportunity to amend its petition to include its president or other authorized representative. (R 1140) MZBA failed to amend its petition.

On September 1, 2015, the trial court signed a judgment that again sustained Axiall and the Church's exception and ordered MZBA to amend its petition within sixty days to include MZBA's president or another representative authorized to institute the lawsuit. The judgment further provided that, if no such amendment |₄was made, the lawsuit was dismissed with prejudice. MZBA appealed the trial court's judgment.

## RULE TO SHOW CAUSE

After lodging of the appellate record, this court, *ex proprio motu*, issued a show cause order noting the trial court's judgment appeared to lack appropriate decretal language because the language therein was conditional. The show cause order remanded this matter for the limited purpose of allowing the trial court, if it chose, to sign an amended judgment addressing the defect noted. The appellate record was later supplemented with an amended order signed by the trial court on February 18, 2016. Thereafter, a different panel of this court issued an action maintaining the appeal but reserving a final determination on whether to maintain the appeal to the merits panel. *Mount Zion Baptist Association v. Mount Zion Baptist Church # 1 of Revilletown Park*, 16-0151 (La. App. 1st Cir. 5/2/16) (unpublished). Based on our own review, we find the trial court's amended judgment corrected the defect noted in the show cause order. Specifically, the amended judgment eliminated the conditional language included in the original judgment and definitively dismissed the instant lawsuit. Accordingly, this appeal will be maintained.

---

**2.** For purposes of their exception, Axiall and the Church assumed the validity and existence of MZBA but reserved the right to otherwise challenge its validity and existence. Accordingly, for purposes of reviewing the judgment on appeal, we also assume the validity and existence of MZBA.

**3.** MZBA Inc. took a separate appeal of the summary judgment granted in favor of Axiall and the Church. See *Mount Zion Baptist Association v. Mount Zion Baptist Church # 1 of Revilletown Park*, 16-0150 (La.App. 1 Cir. 10/31/16), 2016 WL 6427683, —— So.3d ——.

## DISCUSSION

■ MZBA now contends the trial court erred in sustaining the exception of lack of procedural capacity because: (1) it had a right to institute suit through Ms. Dickerson and Ms. Chiphe, who are "heirs" of the original members of MZBA and have relatives buried in the cemetery, in their representative capacity; and (2) the original plaintiff, MZBA Inc., had "a right to continue the purpose of the unincorporated association [MZBA], pursuant to LSA R.S. 12:515."

■ The dilatory exception of lack of procedural capacity raises the issue of want of capacity of the plaintiff to institute and prosecute the action and stand in |₅judgment and/or challenges the authority of a plaintiff who appears in a purely representative capacity. See La. C.C.P. art. 926A(6); *Woodard v. Upp*, 13–0999 (La. App. 1 Cir. 2/18/14), 142 So.3d 14, 18. "Lack of capacity" is not synonymous with no right of action. Lack of procedural capacity is a dilatory exception that tests a party's legal capacity to bring a suit. *Woodard*, 142 So.3d at 18.

■ It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception. La. C.C.P. art. 855. The determination of whether a party has the procedural capacity to sue or be sued involves a question of law, which is reviewed under the *de novo* standard of review to determine whether the ruling of the trial court was legally correct. *Woodard*, 142 So.3d at 18.

In this case, the trial court concluded MZBA lacked procedural capacity because it failed to meet the requirements of La. C.C.P. art. 689, which provides that "[a]n unincorporated association has the procedural capacity to sue to enforce its rights in its own name; and *appears through and is represented by its president or other authorized officer*." (Emphasis added.) It is undisputed that MZBA did not sue either through its president or any authorized officer of the association. Instead, MZBA contends Ms. Dickerson and Ms. Chiphe have the authority to act in a representative capacity on behalf of MZBA because they have relatives buried in the cemetery and, as "heirs" of Robert Taylor, they can stand in his stead.

In support of its position, MZBA cites the decision in *Executive Committee of French Opera Trades Ball v. Tarrant*, 164 La. 83, 88–89, 113 So. 774, 776 (1927), for the proposition "that individuals of an association can sue to protect their interest and the interests of all [members of the association]." However, the |₆holding of that case is inapplicable herein since it was rendered in 1927, well before the enactment of Article 689. When Article 689 was enacted by 1960 La. Acts, No. 15, §§ 2 & 7 (effective January 1, 1961), it changed the law to specifically provide that an unincorporated association has the procedural capacity to sue in its own name through its president or another authorized officer. See La. C.C.P. art. 689, Official Revision Comments (1960).[4]

■ MZBA has failed to appear in this lawsuit through its president or another authorized officer. Although Ms. Dickerson and Ms. Chiphe purport to act in a repre-

4. Previously, under the jurisprudence interpreting former La. C.C. art. 446, an unincorporated association could not sue in its own name and could appear in court only through the individual names of all of its members. See *Teamsters Local Union No. 5 v. Tasty Baking Company*, 124 So.2d 355, 356–57 (La. App. 1st Cir. 1960).

sentative capacity on behalf of MZBA, there has been no allegation that either Ms. Dickerson or Ms. Chiphe was elected as an officer of MZBA or was otherwise authorized by a majority of its members to act on its behalf.[5] Compare *Bright Morning Star Missionary Baptist Church v. Brown*, 38,333 (La.App. 2 Cir. 5/28/04), 877 So.2d 1003, 1010, writ not considered, 04–2136 (La. 11/15/04), 887 So.2d 466 (officers authorized by a majority vote of the association members to file suit).

Further, we reject MZBA's contention that, since all the original members of MZBA are deceased, Ms. Dickerson and Ms. Chiphe have a right to represent MZBA because they have relatives buried in the cemetery and are "heirs" of Robert Taylor. While these facts might give Ms. Dickerson and Ms. Chiphe individually "a species of interest" in the cemetery,[6] it does not give them the authority under Article 689 to appear in court on behalf of MZBA in a representative capacity. In order to properly represent MZBA, Ms. Dickerson and Ms. Chiphe should first have taken steps to give proper notice and call a meeting of the descendants of the original association membership. At that meeting, they could have then, in an appropriate manner, sought election as officers of the association and/or authorization from a majority of the members to act on behalf of MZBA. The record is devoid of any evidence that Ms. Dickerson and Ms. Chiphe made any effort whatsoever to obtain such authorization.

Lastly, we also find no merit in MZBA's argument that the trial court's judgment was erroneous because MZBA Inc. "has the right to continue the purpose of [MZBA] pursuant to LSA R.S. 12:515." Under certain circumstances following the dissolution of an unincorporated association, La. R.S. 12:515 permits a nonprofit corporation to continue to administer funds or property previously donated to the association.[7] It is questionable whether this provision is applicable in this case since there has been no allegation that MZBA acquired Revilletown Cemetery through donation. Moreover, there also were no allegations in either the original or amending petition that MZBA has dissolved and that MZBA Inc. was acting on its behalf, either in a representative capacity or otherwise, pursuant to La. R.S. 12:515. When the trial court initially sustained Axiall and the Church's exception of lack of procedural capacity on July 21, 2015, the court gave MZBA an opportunity to amend its petition to include an authorized representative of MZBA. No such amendment was filed. Thereafter, in its September 1, 2015 judgment, the trial court gave MZBA another opportunity (sixty days) to amend its petition to name MZBA's president or other duly authorized representative. Thus, MZBA had two opportunities to amend its petition to al-

---

**5.** An unincorporated society without by-laws can only legally act through a majority of its members. See *Patterson v. Baptist Church*, 8 La.App. 109, 110–11 (La. App. 2d Cir. 1928).

**6.** See *Humphreys v. Bennett Oil Corporation*, 195 La. 531, 549, 197 So. 222, 228–29 (1940); *Riverie v. Mills*, 481 So.2d 1050, 1052 (La. App. 1st Cir. 1985).

**7.** This provision provides that:
When any money or other property has been donated or contributed for certain purposes to an unincorporated association, the dissolution of the association originally administering the contributions or donations shall not cause them to fail or their purposes be defeated as long as there is in this state an unincorporated association or nonprofit corporation pursuing broadly similar purposes or a government, or governmental subdivision, agency, or instrumentality capable of administering the funds or property for purposes germane to the purposes for which they were given.

lege that MZBA Inc. was entitled to act on behalf of MZBA under La. R.S. 12:515 but failed to do so. Under these circumstances, we find no error in the judgment of the trial court concluding MZBA lacked procedural capacity and dismissing this lawsuit. However, the dismissal should have been *without prejudice.* When a lawsuit is dismissed for failure of a party to comply with a judgment sustaining a dilatory exception of lack of procedural capacity and ordering the plaintiff to remove the objection raised by the exception, the dismissal must be without prejudice. *Woodard,* 142 So.3d at 19; *Lemoine v. Roberson,* 366 So.2d 1009, 1012 (La. App. 1st Cir. 1978). The trial court's judgment ordering dismissal of this lawsuit will be amended accordingly.

### CONCLUSION

For the reasons assigned, this appeal is maintained and that portion of the judgment of the trial court sustaining Axiall and the Church's dilatory exception raising the objection of lack of procedural capacity is affirmed. That portion of the trial court's judgment dismissing this lawsuit with prejudice is amended to provide that the dismissal is without prejudice and, as amended, is affirmed.[8] MZBA is to pay all costs of this appeal.

**APPEAL MAINTAINED; JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.**

---

8. We note that, irrespective of whether or not Ms. Dickerson and Ms. Chiphe had a right to assert individual claims in this matter, they did not appeal the trial court's judgment dismissing the lawsuit in its entirety (inclusive of any individual claims they had). Only MZBA appealed. Therefore, there is no issue regarding potential individual claims properly before us in this appeal. See *Bickford v. Jones,* 388 So.2d 107, 108 (La. App. 1st Cir. 1980).