| ABBOTT, PRICE BENJAMIN & RUE, LLC | * | NO. 2024-C-0726 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| KODIAK PARTNERS, LLC ET AL | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-04736, DIVISION "J"
Honorable D. Nicole Sheppard
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Dale N. Atkins, Judge Nakisha Ervin-Knott)

John Ashley Moore
Jonathan A. Moore
Cameron A. Murray
John F. Ward, IV
ABBOTT, PRICE, BENJAMIN & RUE. LLC
450 Laurel Street, 8th floor
Baton Rouge, Louisiana 70821


COUNSEL FOR RESPONDENT/PLAINTIFF

Scott L. Sternberg
M. Suzanne Montero
Katherine W. Gressett
Johnston J. Burkhardt
STERNBERG, NACCARI & WHITE, LLC
935 Gravier Street, Suite 1800
New Orleans, Louisiana 70112


COUNSEL FOR RELATORS/DEFENDANTS


**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**
**December 16, 2024**

Kodiak Partner, LLC ("Kodiak Partners"), Scott Matthews ("Matthews"), and Scott McGovern ("McGovern") (collectively "Relators") seek review of the trial court's November 27, 2024 judgment denying their exception of lack of procedural capacity. For the following reasons, we grant Relators' writ application; reverse the trial court's November 27, 2024 judgment denying their exception of lack of procedural capacity; grant Relators' exception of lack of procedural capacity; and dismiss Abbott, Price, Benjamin, and Rue, LLC's ("Abbott Price") lawsuit.

## FACTUAL AND PROCEDURAL HISTORY

On June 26, 2020, Brian Mahon ("Mahon") formed Abbott Price as a Louisiana limited liability company. According to the petition, Abbott Price "provides a full range of real estate services and focuses its business upon off-market deals specifically targeting investors in commercial and residential real estate opportunities situated in numerous southeasterly and northeasterly states." Abbott Price has offices in New Orleans, Louisiana, and Philadelphia, Pennsylvania. At the time of formation, Mahon was Abbott Price's sole member-manager. In 2021, Matthews – Mahon's nephew – began working for Abbott Price, and eventually,

1

Mahon gave Matthews management responsibilities and a membership interest in Abbott Price.

After Matthews acquired his membership interest in Abbott Price, McGovern started working for the LLC and was responsible for managing the Philadelphia office. At some point, Matthews and McGovern left Abbott Price and started their own business, Kodiak Partners, which provided similar real estate services as Abbott Price. Abbott Price filed a petition for damages against Relators on May 23, 2024, alleging Relators breached their fiduciary duties to the LLC, took confidential Abbott Price information, and engaged in unfair trade practices. A month later, Relators filed a dilatory exception of lack of procedural capacity, which Abbot Price opposed. The first hearing on Relators' exception occurred on August 23, 2024, and at the conclusion of the hearing, the trial court ordered both sides to provide supplemental briefing. After receiving the supplemental briefing, the trial court conducted a second hearing on October 10, 2024, in which it overruled Relators' exception.

On October 29, 2024, Relators filed a notice of intent to file supervisory writ, request for return date, and motion for extension of return date. Relators allege the trial court did not set a return date or grant their request for an extension of time, so on November 6, 2024, Relators filed a notice of intent to file supervisory writ, request for return date, and motion for extension of return date with this Court. On November 12, 2024, this Court issued an order setting a return date and granting the request for an extension of time. Relators were given until December 9, 2024, to file their writ application. Also, on November 12, 2024, Relators filed their writ application with this Court. The trial court signed the written judgment from the

2

October 10, 2024 hearing on November 27, 2024, and issued a notice of signing of judgment on the same day. Relators now seek supervisory review of the trial court's denial of their exception of lack of procedural capacity.

## DISCUSSION

An exception of lack of procedural capacity is subject to a *de novo* standard of review given that "'[t]he determination of whether a party has the procedural capacity to sue or be sued involves a question of law.'" *RJANO Holdings Inc. v. Phelps Dunbar, LLP*, 2022-0058, p. 7 (La. App. 4 Cir. 9/21/22), 366 So.3d 499, 505 (*quoting Downtown Dev. Dist. of City of New Orleans v. City of New Orleans*, 2018-0726, p. 7 (La. App. 4 Cir. 5/8/19), 272 So.3d 917, 925) (citation omitted). This Court previously explained the law on the exception of lack of procedural capacity as follows:

> "Whether a party has the power to sue or be sued is an issue typically raised in the dilatory exception of lack of procedural capacity." *Downtown Dev. Dist. of City of New Orleans v. City of New Orleans*, [20] 18-0726, p. 7 (La. App. 4 Cir. 5/8/19), 272 So.3d 917, 925. "The dilatory exception of lack of procedural capacity raises the issue of want of capacity of the plaintiff to institute and prosecute the action and stand in judgment, and/or challenges the authority of a plaintiff who appears in a purely representative capacity." *Rain CII Carbon, L.L.C. v. Recon Eng'g, Inc.*, [20] 18-0916, p. 4 (La. App. 4 Cir. 5/1/19), 270 So.3d 785, 788 (*quoting English Turn Prop. Owners Ass'n v. Taranto*, [20] 16-0319, p. 6 (La. App. 4 Cir. 4/19/17), 219 So.3d 381, 387). "The exception 'tests a party's legal capacity to bring suit.' " *Rain*, 18-0916, p. 4, 270 So.3d at 788 (quoting *Mt. Zion Baptist Ass'n v. Mt. Zion Baptist Church # 1 of Revilletown Park*, [20]16-0151, p. 5 (La. App. 1 Cir. 10/31/16), 207 So.3d 414, 417).

*Id.* at p. 6, 366 So.3d at 505 (citing *Neighbors of 200 Henry Clay Ave. v. Bd. of Zoning Adjustment*, 2021-0387, pp. 5-6 (La. App. 4 Cir. 1/26/22), 335 So.3d 255, 259).

3

As their sole assignment of error, Relators assert the trial court erred as a matter of law in overruling their exception of lack of procedural capacity because Abbott Price was not properly authorized to file suit against either its own member (Matthews) or the other Relators (Kodiak Partners and McGovern). Relators argue Abbott Price had the burden of establishing its authority to file the instant lawsuit and failed to do so as it did not have a majority vote of its member-managers to authorize filing the lawsuit. Further, Relators argue without a majority vote of its member-managers, the proper procedural device to bring this lawsuit is Mahon – as a member-manager of Abbot Price – filing a derivative action on behalf of the LLC. Last, Relators maintain the petition cannot be amended to state a derivative action; therefore, this lawsuit should be dismissed. Conversely, Abbott Price asserts Mahon properly authorized the filing of this lawsuit, and Matthews was a conflicted party, thus not entitled to vote on whether a lawsuit should be filed against himself.

According to La. C.C.P. art. 694, "[a]n agent has the procedural capacity to sue to enforce a right of his principal, when specially authorized to do so." "When a plaintiff sues as an agent to enforce a right of his principal, or as a legal representative, his authority or qualification is presumed, unless challenged by the defendant by the timely filing of the dilatory exception. When so challenged, the plaintiff shall prove his authority or qualification on the trial of the exception." La. C.C.P. art. 700. In the matter herein, Relators filed a dilatory exception of lack of procedural capacity challenging Abbott Price's capacity to file suit. Consequently, Abbott Price has the burden of establishing its procedural capacity to file this suit.

The record indicates that Abbott Price does not have a written operating agreement, therefore, the general rules for limited liability companies apply. Louisiana Revised Statutes 12:1316 states, in pertinent part, "[e]xcept as otherwise

4

provided in the articles of organization or an operating agreement, if the limited liability company has more than one manager, each manager shall be entitled to a single vote on all matters properly brought before the managers, and all decisions of the managers shall be made by majority vote of the managers." Additionally, La. R.S. 12:1318(A) provides, "[u]nless otherwise provided in the articles of organization or a written operating agreement, each member of a limited liability company shall be entitled to cast a single vote on all matters properly brought before the members, and all decisions of the members shall be made by majority vote of the members." Under the general rules, regardless of whether a limited liability company is member-managed or manager-managed, each member/manager is entitled to a single vote on all matters, and all decisions shall be made by majority vote.

Louisiana jurisprudence supports the notion that a majority vote is needed in order for a member of a limited liability company to be able to file a lawsuit on behalf of the company. In *RJANO Holdings, Inc.,* this Court recognized the principal that a member of a limited liability company does not have authority to file suit on behalf of the limited liability company absent a vote to file suit by a majority of the members. 2022-0058, p. 20, 366 So.3d at 513. Additionally, in *Bourbon Invs., LLC v. New Orleans Equity LLC,* 2015-1234 (La. App. 4 Cir. 12/21/16), 207 So.3d 1088, which is cited to in *RJANO Holdings, Inc.*, this Court affirmed the granting of an exception of lack of procedural capacity when a majority of the limited liability company's members did not vote to approve the filing of a lawsuit. In *Bourbon Invs., LLC*, the defendants filed an exception of lack of procedural capacity claiming that only two members voted to bring the lawsuit, and the company had a total of five

5

members.[1] *Id*., p. 4, 207 So.3d at 1091. The trial court granted the exception, and on appeal, this Court found the two members of the limited liability company lacked capacity to bring suit against the defendants and affirmed the trial court's judgment. *Id.* at p. 12, 207 So.3d at 1095. This Court pronounced:

> As previously determined, at the time the ratification meeting was held the LLCs had five voting members. Only three of these members were given proper notice of the meeting, and only two of the members present voted in favor of the resolution. Therefore, a majority of the members did not vote to approve the resolution as required by LLC law, resulting in the resolution failing.

*Id.* at p. 13, 207 So.3d at 1095. Both *RJANO Holdings, Inc*. and *Bourbon Invs., LLC* affirm the general rule that each member of a limited liability company is entitled to a single vote on all matters – including the decision to file a lawsuit on behalf of the company – and all decisions require a majority vote.

In the instant matter, there is no allegation in the petition nor evidence that Mahon had a majority vote of the Abbott Price members to file the current lawsuit. Abbott Price contends it is a manager-managed limited liability company, and Mahon, as a manager, possessed the ability to authorize the filing of this lawsuit. Abbott Price cites to La. R.S. 12:1317 in order to support its position. Louisiana Revised Statutes 12:1317(A) provides:

> Each member, if management is reserved to the members, or manager, if management is vested in one or more managers pursuant to R.S. 12:1312, is a mandatary of the limited liability company for all matters in the ordinary course of its business other than the alienation, lease, or encumbrance of its immovables, unless such mandate is restricted or enlarged in the articles of organization or unless such member or manager lacks the authority to act for the limited liability company and

---

[1] Although defendants asserted the limited liability companies that filed suit had a total of six members, it was later determined that one of the alleged members was not a member of either limited liability company.

the person with whom he is dealing has knowledge of the fact that he lacks such authority.

Further, citing La. R.S. 12:1318(C), Abbott Price maintains Matthews lacked the right to vote as he is a conflicted party and is not entitled to vote on whether a lawsuit should be filed against himself for violating his fiduciary duty. Louisiana Revised Statutes 12:1318(C) provides:

> No contract or transaction between a limited liability company and one or more of its members, if management is reserved to the members, or managers, if management is vested in one or more managers pursuant to R.S. 12:1312, or a person in which such a member or manager has a financial interest, shall be void or voidable solely for this reason, solely because the interested member or manager was present at or participated in the meeting which authorized the contract or transaction, or solely because his or their votes were counted for such purpose, if the material facts as to his interest and to the contract or transaction was disclosed or known to the members and the contract or transaction was approved by a majority vote of the members without counting the vote of the interested member, or if the contract or transaction was fair to the limited liability company as of the time it was authorized, approved, or ratified by the members. Interested members may be counted in determining the presence of a quorum at a meeting which authorized the contract or transaction.

Abbot Price's reliance on La. R.S. 12:1317(A) and 1318(C) is misplaced. Concerning La. R.S. 12:1317(A), a member or manager is "a mandatory of the limited liability company for all matters ***in the ordinary course of its business*** other than the alienation, lease, or encumbrance of its immovables …." (emphasis added). This lawsuit does not involve the alienation, lease, or encumbrance of Abbott Price's immovables. However, the filing of this lawsuit should not be considered as "in the ordinary course of" Abbott Price's business as it is undisputed that Abbott Price is involved in the real estate services industry, and the filing of a lawsuit is not in the ordinary course of providing real estate services. Turning to La. R.S. 12:1318(C), this statute applies to contracts and transactions between a limited liability company and a member or manager and whether a contract or transaction shall be declared

void. Abbott Price's petition alleges a breach of the fiduciary duty owed by Matthews to the LLC. Louisiana Revised Statutes 12:1318(C) does not provide that when there is an allegation of breach of fiduciary duty on the part of a member, that member does not get to vote.

Abbott Price may not act absent a majority vote of its members. In the absence of a majority vote, the proper procedural vehicle to enforce a right of Abbott Price on behalf of Abbott Price would be for a member – such as Mahon – to file a derivative action. Louisiana Code of Civil Procedure Article 611(A) provides, in pertinent part, "[w]hen a corporation or unincorporated association refuses to enforce a right of the corporation or unincorporated association, a shareholder, partner, or member thereof may bring a derivative action to enforce the right on behalf of the corporation or unincorporated association." "Pursuant to La. C.C.P. art. 611, a derivative action brought in Louisiana may be brought by any single member of a corporation or unincorporated association." *Robert v. Robert Mgmt. Co., LLC*, 2014-0822, p. 22 (La. App. 4 Cir. 2/11/15), 164 So.3d 922, 937. "A limited liability company is treated as an unincorporated association for purposes of derivative actions." *Id.* (citing La. R.S. 12:1365). As previously stated, Abbott Price may not file a lawsuit absent a majority vote of its members, and there is no evidence in the record demonstrating such a vote occurred. Consequently, the proper procedural action is for a member – such as Mahon – to bring a derivative action to enforce a right of Abbott Price on the LLC's behalf, and the trial court erred in overruling Relators' exception of lack of procedural capacity.

"When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition . . . , the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the

8

court...." La. C.C.P. art. 933(B). "However, the right to amend is not absolute." *RJANO Holdings, Inc.*, 2022-0058, p. 22, 366 So.3d at 514 (citations omitted). "When the grounds for sustaining the exception cannot be removed, amendment is not permitted when it would constitute a vain and useless act." *Id.* (citation omitted). "Thus, '[t]he right to amend is qualified by the restriction that the objections to the petition must be curable and the decision to allow amendment is within the trial court's discretion.'" *Id.* (citations omitted).

According to La. C.C.P. art. 615, a petition in a derivative action shall:

(1) Allege that the plaintiff was a shareholder, partner, or member at the time of the occurrence or transaction of which he complains, or that his share, partnership, or membership thereafter devolved on him by operation of law.

(2) Allege with particularity the efforts of the plaintiff to secure from the managing directors, governors, or trustees and, if necessary, from the shareholders, partners, or members, the enforcement of the right and the reasons for his failure to secure such enforcement, or the reason for not making such an effort to secure enforcement of the right.

(3) Join as defendants the corporation or unincorporated association and the obligor against whom the obligation is sought to be enforced.

(4) Include a prayer for judgment in favor of the corporation or unincorporated association and against the obligor on the obligation sought to be enforced.

(5) Be verified by the affidavit of the plaintiff or his counsel.

In this case, Abbott Price cannot amend its petition to align with the requirements of La. C.C.P. art. 615, specifically art. 615(3), because it cannot name itself as a defendant. [2] Further, Abbott Price may not amend the petition to set forth a derivative action as it may not be named as a plaintiff in such an action. Therefore,

---

[2] Certainly, a plaintiff may not sue himself. *See Succession of Tripp*, 55,496, p. 24 (La. App. 2 Cir. 5/29/24), 387 So.3d 939, 951.

any amendment to the petition would constitute a vain and useless act and should not be permitted.

## DECREE

Based on the foregoing reasons, we grant Relators' writ application; reverse the trial court's November 27, 2024 judgment denying their exception of lack of procedural capacity; grant Relators' exception of lack of procedural capacity; and dismiss Abbott Price's lawsuit.


**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**